(27 Misc. Rep. 560.)

STONE et al. v. MANSFIELD.

(Supreme Court, Appellate Term.  May 24, 1899.)

EVIDENCE—PRODUCTION OF WRITINGS.

In an action against a salesman on commission for the excess of advances over earnings, it is error to refuse to compel plaintiff, on due notice, to produce the orders sent in by defendant, notwithstanding they are voluminous and in small lots, and their examination will involve much time and labor.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Herbert S. Stone and Mellville E. Stone, Jr., against Milberg F. Mansfield. There was a judgment for plaintiffs, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Sproull, Harmer & Sproull, for appellant.

Rounds & Dillingham, for respondents.

LEVENTRITT, J. Under a written agreement between the parties, the defendant entered the employment of the plaintiff as a salesman on commission. Certain moneys were advanced to him from time to time, and this action was instituted and recovery had for the alleged excess of advance over earnings. The defendant, while admitting the amount of the payments, disputed the amount of the allowed commissions, claiming that he sent orders to the plaintiffs, upon which earned commissions had not been credited, and which would substantially reduce, if not extinguish, the alleged balance. Inasmuch as the single question litigated depended on the orders which the defendant, pursuant to his employment, transmitted to the plaintiffs, all testimony bearing on the nature and number of those orders was obviously most material. On the trial the defendant called upon the plaintiffs to comply with a notice to produce all written orders forwarded to them by the defendant. It was admitted that the majority of the orders were in court, but counsel refused to produce them because they were "very voluminous, in such small lots, and at such varying prices, that it will take the time of the court, and lead to no satisfactory result." Thereupon this colloquy took place:

"By the Court: Do I understand that you are going to go through all those seriatim? By Defendant's Counsel: I certainly am. By the Court: Then I will sustain the objection."

The exception of the defendant to this ruling was well taken, and cannot be disregarded. The materiality of testimony cannot be measured or tested by the length of time necessary to its introduction. No discretion is vested in the court to reject competent testimony because its reception would involve much time and labor. In the case at bar the defendant's commissions were to be computed on the written orders procured by him and delivered to the plaintiffs, and it was his contention that their production would

disclose a larger amount of sales than conceded by the plaintiffs. The latter asserted that many of the orders were based on unauthorized sales, and thus sought to account for the defendant's claim of commissions in excess of what they had allowed him. Manifestly, the orders themselves would have been the highest class of proof to determine both questions. The orders being confessedly in the court room, the justice should have directed their production (Boynton v. Boynton, 16 Abb. Prac. 87, affirmed in 41 N. Y. 619), received them in evidence, and availed himself of the assistance they must necessarily have given to a satisfactory determination of the issue. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.