## DUNN v. NEW YORK EDISON CO.

(Supreme Court, Appellate Term. March 21, 1905.)

EVIDENCE—PRODUCTION OF PAPERS—JURISDICTION.

Defendant having failed to produce a release containing defendant's promise to pay plaintiff wages sued for during disability under a subpœna duces tecum on the ground that it could not be found, defendant's attorney was called as a witness, and admitted that he had the release in his possession in court. Held that, the release being material, the court had jurisdiction to compel the attorney to produce it, and, in case of his refusal to do so, to punish him for contempt.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1540–1548.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Patrick J. Dunn against the New York Edison Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Gennert & Gennert, for appellant.

Beardsley & Hemmens, for respondent.

O'GORMAN, J. While in the defendant's employment, the plaintiff was injured, and was sent by the defendant's superintendent to the defendant's doctor for treatment. The doctor induced the plaintiff to execute a release to the defendant of all claims for his injury, and in consideration thereof promised the plaintiff that he would receive his wages while unable to work. This action was brought to recover wages under this agreement. The doctor testified that he had no recollection of making such a promise, and the defendant denied his authority to do so. Upon the trial one of the defendant's officers was called by the plaintiff, and asked to produce the general release. He had been duly served with a subpoena duces tecum to produce it, but testified that he was unable to find it. The defendant's attorney, then in court, was called to the stand by plaintiff's counsel, and after numerous evasive answers finally admitted that the release called for by the subpoena was in court, and in his possession. The trial justice was then asked to order the attorney to produce the paper, and the court replied, "I have no power," to which ruling an exception was taken. This was error. The court had the power, and the production of the paper should have been ordered, and, in default of its production, the person having the paper under his control should have been committed for contempt. Boynton v. Boynton, 25 How. Prac. 490, affirmed 41 N. Y. 619; Stone v. Mansfield, 27 Misc. Rep. 560, 58 N. Y. Supp. 339. The release was material. It was the consideration for defendant's promise. Its recitals, it is claimed, tended to prove the contract sued on, and to establish the doctor's authority.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.