## MARTIN, Ex'r, vs. WILLIAMS, Adm'r.

1. The declarations of a party are not evidence for himself, unless they constitute a part of the *res gestæ*.
2. Where a witness is subpœnaed, as well to testify as to bring papers into court, the party, at whose instance the subpœna issues, may require the production of the papers, without introducing the witness generally.
3. The power confered by the statute on executors and administrators to rent the real estate of the decedent is a special power, and must be executed in the manner pointed out in the act. To entitle an administrator therefore, to the rents as assets of the estate, it is essential that the land should be rented at *public outcry*.

Error to the Circuit Court of Lowndes. Tried before the Hon. Nathan Cook.

This was an action of assumpsit, brought by Matilda Nixon, as administratrix of Alexander Nixon, deceased, against the plaintiff in error as the executor of Martha Burt, deceased. Matilda Nixon, having been removed from the office of administratrix during the pendency of the suit, it was revived in the name of the defendant in error, who had been appointed the administrator *de bonis non*. By a bill of exceptions found in the record, it appears that Alexander Nixon died in 1842, and that the defendant's testatrix in the years 1844-5-6, cultivated the plantation of the intestate with her own negroes, and the negroes of the intestate. The value of the hire and rent was shown, but no order of the Orphans' Court, authorising the administratrix to keep the personal estate together, was exhibited, nor was there any evidence that the administratrix rented out the real estate at public outcry, or made any express contract whatever in reference to the rent thereof. In the progress of the trial the defendant offered to prove by a witness, who was the overseer of his testatrix at the time, that when the negroes of the intestate's estate first went into possession of the testatrix, she directed the witness to put them to work in accordance with the agreement with the admininistrator, of which she had previously informed him, and in connection therewith proposed to prove by him the agreement, as stated by her to him, several days before. To

this testimony, the plaintiff objected, and the court sustained the objection. It appears that Mrs. Matilda Nixon had been summoned as a witness for the defendant, and also served with a subpœna *duces tecum*, requiring her to bring into court certain papers, &c., and being then in court, the defendant moved the court that she be compelled to produce said papers, or account for their non-production. The plaintiff objected, insisting that the court could make no order requiring her to produce the papers, or render an excuse on oath for not doing so, unless she was first sworn and placed on the stand as a witness in chief. The court sustained the plaintiff's objection, and the defendant declining to introduce Mrs. Nixon as a witness in chief, his motion was overruled.

The defendant asked the court to charge the jury that if Mrs. Burt cultivated the lands of the intestate without any express contract with Mrs. Nixon, the administratrix, the defendant could not in this action be charged with the rent as upon an implied contract or assumpsit, which charge the court refused to give.

To the several rulings of the court and to its refusal to charge as requested the defendant excepted, and now assigns them as error.

ELMORE & MARTIN, for the plaintiff in error:

The testimony offered by defendant to prove the contracts for the hire of the slaves, and rent of the plantation of the estate of Alexander Nixon, formed a part of the *res gestæ* of testimony introduced by plaintiff and was improperly excluded.

The court erred in refusing the defendants the right to call upon the witness Mrs. Nixon, (who came into court under process of subpœna *duces tecum*,) to produce the notes alledged to be in her possession, or account for their non-production, without being sworn generally.—Treasurer v. Moore, 3 Brev. R. 550; Sherman v. Barrett, 1 McM's R. 163-4; Perry v. Gibson, 1 Adol. & El. 32; 3 Chitty, Gen. Pr. 830; 3 Starkie's Ev. 1721-2-3-4; Bull v. Loveland, 10 Pick. 14; Chaplain v. Briscoe, 5 S. & M's. R. 198; Amy v. Long, 9 East. 472; 2 Phil. Ev. C. & H. 12, *n*. 5. In the refusal of the court to charge as requested.—Upchurch v. Norsworthy, 12 Ala. 534.

The present administrator has no right of action against the

executor of Mrs. Burt for the rent of the land.    There is no
privity  of right or interest between them or between the admin-
trator in chief, and the administrator *de bonis non.*

STONE & JUDGE, for the defendant:

1. It is not necessary to our right of recovery that we make
out the technical relation of landlord and tenant.    If we show
that Mrs. Burt held with our consent—that her possession was
permissive, and in subordination to our paramount title. not tor-
tious, adverse, or in defiance of our rights—the law implies a
promise to pay for use and occupation, and assumpsit will lie.
—Davidson v. Ernest, 7 Ala. 817; Smith's Ex'rs. v. Houston,
16 Ala. 111; Steele v. Knox, 10 Ala. 608.

2. Neither is it essential that the administrator should have
rented at public outcry.    Whenever all idea of trespass is ex-
cluded, the administrator may recover for the use and occupa-
tion, because otherwise he has no remedy, as trespass will not
lie.—Harkins v. Pope, 10 Ala. 493, on p. 498-9; Masterson v.
Girard, ib. 60; approved, Upchurch v. Norsworthy, 12 Ala.
532, on p. 534.

3. The case of Harkins v. Pope, *supra,* is quite as strong as
this.    There, no express contract was shown, and the right to
recover was only implied from the use and occupation by one
who was shown to have gone in by permission.    In this case the
same is shown, and we raise the implication of a contract as
strongly as circumstances can do so.

4. No public policy is contravened by the establishment of the
principle invoked.    The statute, Dig. 199, § 36, as to the mode,
is merely directory, and unless the present action be upheld, the
administrator is without remedy, and the estate must lose the
rent of the land.

5. Mrs. Burt received the possession of the property from
her sister, Mrs. Nixon, and cannot be heard to dispute the title
under which she holds, notwithstanding the prior possession of
Mrs. Nixon may have been merely tortious.    It is against the
policy of the law to allow the investigation.—1 Caine's R. 444,
and case of Randolph v. Carleton, 8 Ala. 606, and authorities
refered to in Judge Porter's brief.    The only exception is where
the landlord's title fails after the lease is taken.    Here then was
no failure, no eviction.

6. As to the questions raised on the subpœna *duces tecum,* the process required her to testify. If they had only required the production of papers, the subpœna should have been so framed. In addition to this, the production of the papers, if they had accomplished anything, would have affected the pecuniary interest of the witness, and exposed her to a money liability. The private title papers of a witness cannot be required on a subpœna *duces tecum,* neither can a witness be required to make a disclosure that will subject him to a penalty.

CHILTON, J.—1. The bill of exceptions does not show that the witness, by whom the plaintiff in error proposed to prove the conversation of his testatrix in relation to the agreement between her and Mrs. Nixon, had been examined in reference to such conversation by the plaintiff below, or that any part of such conversation had been detailed by the witness at his instance. So that the first assignment of error must be overruled upon the ground that the declarations of a party are not evidence for himself unless they constitute part of the *res gestæ.*

2. Mrs. Nixon having attended in obedience to the *subpœna duces tecum,* and having, as we must presume, in court, the notes which the subpœna required her to bring with her, was held not bound to produce the notes, or to testify in respect to their custody, unless the defendant would introduce her as a witness generally in the cause. Although this witness was subpœnaed to give evidence, as well as to bring with her the papers refered to, it does not follow that the party was bound to examine her as a witness in chief. If the witness had the papers called for by the subpœna in court, it was the duty of the court to have required their production by her. This may be done by the witness without being sworn, or upon oath, if either party desire it.—See Phil. Ev. C. & H. notes, part 2, n. 362, p. 713, (3d ed.,) where the cases are cited; Amy v. Long, 9 East. 485-6; Rex v. Netherthong, 2 Maule & Sel. 337, and cases cited on brief of the counsel for the plaintiff in error.

3. The charge may be briefly disposed of. It does not appear that the administratrix of Alexander Nixon, deceased, ever rented out the land cultivated by Mrs. Burt, as the statute requires, but if any such renting was made, it was by private arrangement between Mrs. Nixon and Mrs. Burt. The statute pro-

vides, " that it shall be lawful for administrators and executors to rent at public out ,cry the real estate of any decedent, until a final settlement of the estate of said decedent is effected, and the proceeds shall be assets in the hands of such executors or administrators."—Dig..199, § 36. This a special power conferred upon the personal representative, and must be executed in the manner pointed out by the statute, otherwise, as the land, upon the death of the ancestor, descends to the heirs, it would be considered as held in subordination to their title. To entitle the administratrix to the rents *as the assets of the estate* she must have rented the land at public out cry, for it is not lawful for her to make a private disposition of it. This, the record shows she has not done in the case before us, and as Mrs. Nixon has failed to make such a disposition of the land as would constitute the rents assets, it is very clear the administrator *de bonis non* of the estate of Alex. Nixon, deceased, cannot recover such rent. Not being assets, he has no concern with it. Let the judgment be reversed and the cause remanded.