## No. 2941.

### COLUMBIA FIRE COMPANY No. 5 *v.* JOSEPH A. PURCELL et als.

The penalty for not producing books and papers in obedience to a *subpena duces tecum*, is not imprisonment for contempt. The consequence of the disobedience is, that the party who has obtained the subpena has the right to ask that the facts which he states in his affi-davit for the subpena be taken as proved.

Where the books called for were produced on the day of the trial, and the defendant did not then move for a continuance in order to allow him time to examine them, but simply objected to going to trial;

Held—That this was not sufficient. He should at least have suggested to the court that he was deprived of some right, or that an examination of the books was necessary to enable him to make out his case.

The facts of this case must be taken as established by the accounts rendered by the defend-ant Purcell, which clearly show his indebtedness *in solido* with his security.

A PPEAL from the Fifth District Court, Parish of Orleans. *Leau-mont*, J. Trial by jury. *Albert Voorhies*, for plaintiff and ap-pellee. *George L. Bright*, for defendant and appellant.

Justices concurring: Ludeling, Howell, Wyly, Morgan.

MORGAN, J. This is a suit against Purcell and McCullen, to recover from them, *in solido*, $1212 75.

Purcell was, during the years 1867, 1868 and part of the year 1869, treasurer of the Columbia Fire Company No. 5. There is an alleged deficit in his account of $1212 75, for which he as principal, and Mc-Cullen, his surety, are sought to be made liable.

As to Purcell there is no defense. Judgment by default was taken against him and confirmed. McCullen, however, denies any liability. He says he signed the bond on the sixth of February, 1869, and

that during the time Purcell continued to be treasurer of the company after his signing it, he discharged his duties faithfully. He says that if Purcell is indebted to the company his indebtedness existed anterior to the date of the bond, and that he is only bound to respond for his acts after his obligation was assumed.

The defendant objects to the rulings of the District Court on two questions, which he contends, prevented him from making a proper defense, and admitted testimony which should have been excluded.

On the twenty-fifth of January he moved the court for a *subpena duces tecum* upon the plaintiffs to bring into court, on the fourth of February, 1870, the day upon which the case was fixed for trial, the accounts rendered to them by Purcell during the year 1868 and up to April, 1869; the minute book of the company for the years 1868 and 1869; the reports of the finance committee during the years 1868 and 1869, and the company's bank book for 1868 and 1869; and in the same motion he asked that the company be directed to bring the documents into the clerk's office at ten o'clock A. M., on the day after the service of this order, the books, etc., above referred to, they to remain there until the further order of the court, for examination by the defendant and his counsel. The order not having been complied with, the defendant moved the court that the president and secretary of the company be imprisoned for a contempt, which order the court refused to issue. This ruling of the judge was correct. The penalty for not producing books and papers in obedience to a *subpena duces tecum* is not imprisonment; the consequences of the disobedience is that the party who has obtained the *subpena* has the right to ask that the facts which he states in his affidavit for the *subpena*, may be taken as proved, which was not done here.

When the case was called for trial defendant objected to proceeding therewith, on the ground that plaintiffs had not complied with the order of court commanding them to produce the books. The books were produced on the day of trial. Defendant did not then move for a continuance in order to allow him time to examine them, he simply objected to going to trial. This is not sufficient; he should have at least suggested to the court that he was deprived of some right, or that an examination of the books was necessary to enable him to make out his case. The judge was right in ordering the trial to be proceeded with under the state of facts presented by the record.

The opinion to which we have come on the merits renders it unnecessary to pass upon the second bill of exceptions.

The account rendered by Purcell on the first July, 1869, to the plaintiff, shows that he had on hand at that time belonging to the plaintiff $1212 75. This is the sum which it is claimed he owed the company when he ceased to be its treasurer, and for which the surety on his

bond is sought to be made liable.   On the first of April, by his account rendered on that day and offered in evidence by defendant, he appears to have had on hand $2217 30 to the credit of the relief fund, against a debit to the general fund of $299 10.   By the accounts, then, which he furnished in 1869, he always showed a balance on hand in favor of the company.   Examined as a witness, he says that on the first January, 1869, he was indebted to the company in the sum of $1621 70. That on the sixth February, the day on which the bond was signed, he owed the company $1484 50.   But this statement is difficult to be reconciled with what he states in continuance of his evidence, when, in answer to the question " during 1868 did you at all times have the moneys of the company on hand?" propounded to him by defendant's counsel, he says: " I can not exactly swear to that, but I had, I expect, very near it."   "In cash?" asks the counsel.   " Yes, sir," is the reply. We think we must take the facts as they are established by his accounts, which clearly show the amounts on hand when they were rendered and his indebtedness, for which his surety is responsible.

The judgment of the court was in favor of the plaintiff, and we do not see any error in the verdict of the jury upon which it was rendered.

The judgment is affirmed with costs.

Rehearing refused.