THOMPSON, J.
 

 This ease is brought here by an appeal from a conviction and sentence for manslaughter.
 

 No appearance on behalf of defendant has been made in this court, either by brief or oral argument.
 

 An examination of the record discloses three bills of exception reserved during the course of the trial in the court below.
 

 It appears that, when the defendant and a little girl, Ethel McNeil, approached- the gallery on which the deceased was sitting, the defendant shoved the girl and told her he would kill her, whereupon the girl threw her arms around the deceased, who was her cousin, and begged him not to allow the defendant to kill her.
 

 The defendant then pushed the deceased and the little girl into the room, and immediately a gun fired inside the house. The deceased ran outside and down the street, while the defendant continued to fire at him.
 

 The deceased got to his brother’s house, but the record does not show how soon thereafter he died.
 

 The state sought to show by the testimony of the little girl, who was the stepdaughter of defendant, that the defendant had ill-treated and threatened to kill her while out in town, but on objection this testimony was ruled out, and the witness was permitted to relate only what happened as the defendant and girl walked up to the house where the deceased was seated on the gallery.
 

 The objection of defendant was leveled at that part of the girl’s testimony relating to what happened and what the girl said, to the deceased while approaching and while on the gallery, the objection being that such testimony was irrelevant and not a part of the res gestee.
 

 What was done and what was said by the little girl was done and said in the presence of the defendant at and immediately before the defendant shoved the deceased and the girl into the room from the gallery. The shooting occurred just after the two parties were pushed into the room. The whole, therefore, constituted one continuous transaction. It is difficult to disassociate what occurred and what was said on the gallery from the act of shooting in the room. The testimony objected to was clearly admissible as being a part of the res gestee.
 

 In the recent case of State v. Davis, 110 So. 733,
 
 [1]
 
 No. 27988 on the docket of this court, and not
 
 yet
 
 officially reported, we held that a statement made by an observer during the difficulty was admissible as a part of the res gestee, and could be given in evidence by another person who was present and heard the statement.
 

 
 *115
 
 In the cited case we reviewed the authorities bearing on the question to the effect that, where the evidence sought to be introduced is of events and remarks speaking through the participants or observers, such evidence is admissible as constituting a part of the res gestse; but that remarks made by observers about the event after it happened and who undertake to state what had occurred and in what manner it occurred, were not a part of the res gestae.
 

 The remark of the little girl, made to the deceased, which was followed immediately by the act of the defendant in shoving the girl and deceased into the room, was clearly admissible as forming a part of the difficulty.
 

 A witness for the state, Anna Costillo, on cross-examination was asked by defendant’s counsel the following question:
 

 “Any person who was present that testifies that it was a minute and a half to two minutes after they went in the house until the first shot was fired are mistaken as to the time, are they not?”
 

 The state objected to the question as being improper, immaterial, and irrelevant, and was asking the witness to express her opinion as to the truthfulness of other witnesses.
 

 The ruling of the court in sustaining the objection is manifestly correct, and is sustained by the decision of this court in State v. Williams, 111 La. 179, 35 So. 505.
 

 The witness Ethel McNeil was asked the following questions:
 

 “Q. When Jennings Brown shoved and pushed that little girl, driving her home, this little girl got up on the porch and he shoved her on in and told her to go on he would kill her, at the time grabbed hold of Peacock (deceased) and said, ‘Don’t let him kill me,’ she had hold of Peacock and that shoved her and Peacock in the room and immediately the gun fired?”
 

 “Q. Brown threatened to kill the little girl and shoved her in and she grabbed hold of Peacock?”
 

 These questions were objected to as being leading and suggestive.
 

 The objection was overruled, for the reason that the witness had previously testified to the same facts, and had repeated the same in answer to questions that were not leading, and there had been' no objection by the defendant.
 

 The questions may have been leading, but, being only an inquiry as to facts already testified to by the same witness and repeated more than once by that witness, we are unable to see where the defendant suffered any harm.
 

 A deputy sheriff testified that the defendant; in talking to him about the case, stated that at the time the defendant shot Peacock, he (defendant) did not know whether or not the deceased had anything in his hand.
 

 The defendant objected to any conversation between the deputy sheriff and defendant on the ground that the same was confidential.
 

 We know of no law, and none has been cited, creating a confidential relation between an officer and an accused party who is under arrest and in his charge as such officer.
 

 A confession or incriminating statement, made freely and voluntarily by an accused to an officer of the law, cannot be said to be a privileged communication and for that reason inadmissible.
 

 The reports are full of cases of such confessions and incriminating statements made to officers, and no objection has ever been interposed on the ground that such confessions or admissions of guilt were privileged for the reason here suggested.
 

 There is no suggestion here that the defendant asked the deputy to keep secret any statement made to him, and the defendant does not contend that he indicated in any manner in talking to the deputy that he expected what he said to be considered confidential.
 

 The counsel bases his objection on the legal proposition that the conversation was confidential and. privileged. Such' is not the law.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 162 La. 600.