BRUNOT, J.
 

 This is an application for a writ of prohibition to restrain the judge of Division E of the civil district court of New Orleans from enforcing a subpcena duces tecum which was directed to, and served upon, relator, upon the motion of the defendant in the above numbered and entitled suit. This
 
 motion
 
 and the court’s order thereon are as follows:
 

 “On motion of defendant, Theodore Cotonio, of counsel, and on suggesting to the court that on the trial of this cause certain books and papers in the possession of the Item Co., Limited, publishers of the Daily Item, in the city of New Orleans, said books and papers consisting of tlie advertisement for delinquent state taxes for the year 1922 published in said newspapers in the months of August and September, 1923, are material and necessary to mover; and that the owners of said newspapers should be required to produce same in court.
 

 “It is ordered by the court that the Item Co., Limited, of the city of New Orleans, do produce in open court on Thursday, March 31, 1927, at 10:30 a. m., and on such other day or days that this case may be continued to, its files showing the advertisements by the state tax collector for delinquent taxes of 1922; said publications having been made in the months of August and September, 1923.”
 

 The service of the court’s order upon relator was followed by the application to this court for a writ of prohibition and for an order directing the judge to show cause why the writ should not be perpetuated. Relator based its application upon four grounds, the substance of which are: That relator is a corporation, and a subpoena duces tecum must be directed to some officer, .agent, or servant of the corporation; that the motion for the subpoena duces tecum- does not set forth the necessity for the order; that the motion and order show that other adequate sources for obtaining the information sought were open to
 
 *827
 
 mover; and that relator is ordered to produce printed copies of newspapers which cannot lawfully be the object of a subpoena duces tecum.
 

 Upon considering the application, this court granted the writ of prohibition, as prayed for by relator, and ordered Hon. William H. Byrnes, Jr., judge of division E of the civil district court of New Orleans, to show cause on April 7, 1927, why the writ of prohibition should not be perpetuated and made peremptory.
 

 The learned judge did not file a return herein, but the-La Salle Realty Company, for exception and return, says that this court is not vested with jurisdiction to determine relator’s application, for the reason that relator is
 
 not
 
 a party to the suit out of which this application grew; that relator 'has no interest in. and cannot be affected by, any judgment that may be rendered in said suit; that the application does not contain any substantial averment of injury or damage to relator in excess of $2,000; and that relator has not exhausted all efforts for redress in the court a quo.
 

 On the issues stated, the matter is submitted for final consideration. We will first disi>ose of the contentions of respondent La Salle Realty Company. The respondent has evidently confused the general supervisory powers of this court with its appellate jurisdiction in civil suits. This court has consistently held that its supervisory powers must not be confounded with its appellate jurisdiction. In the exercise of its supervisory powers, the court is concerned in the prevention of abuses or illegal acts, regardless of the amount involved, and its jurisdiction must be tested from that standpoint alone.
 

 With reference to the question of prematurity which is urged by respondent, it is the general rule that applications for writs of prohibition will not be entertained, unless the appropriate method to obtain relief is first resorted to in the lower court. Exceptional eases, however, have been presented, in which this court ex rei necessitate has refused to apI>ly the rule.
 

 In this application it is interesting to note that, in so far as our research has disclosed, this is the first time an application for a writ of prohibition has been presented to this court by a relator who is a wholly disinterested and perfect stranger to the litigation which gave rise to it. Under these circumstances relator has no alternative. It must comply with the order or subject itself to contempt proceedings, from which there is no appeal. Therefore, if we find that the order complained of was illegally and improvidently issued, as contended by relator, we think this is an additional reason for reaffirming the recent ruling of this court in the case of Louisiana Farm Bureau Cotton Growers’ Co-op. Ass’n v. Bacon et al., 159 La. 169, 105 So. 278, in which case we said:
 

 “If it should' be found that the order to produce was illegally or improvidently issued, as contended by relator, then unquestionably the relator had the right to refuse to comply with such order, and to invoke the supervisory power 'of this court.”
 

 A corporation is a juridical person. It cannot respond to a subpoena ad testificandum, and 3 Bouvier, Law Diet. p. 3165, defines a subpoena duces tecum as:
 

 “A writ or process of the same kind as the subpoena ad testificandum, but with a clause requiring the witness to bring with him and produce to the court books, papers, etc., in his hands, tending to elucidate the matter in issue.”
 

 This definition is supported by authority. The subpoena duces tecum therefore requires the personal attendance of the witness named in it and the production and identification by him of the records, etc., it calls for.
 

 A corporation acts only through its officers, agents, and servants, and, while it may sue and be sued in its corporate name, it cannot
 
 *829
 
 be compelled to respond to 'a subpoena duces tecum when tbe order does not designate tbe president or some officer or agent of the corporation through whom it may act.
 

 This particular question has not heretofore been presented to this court.
 
 A
 
 reference to the digests, however, shows that, while there are a few decisions to the contrary, the weight ol‘ authority in our sister states holds that the subpoena should issue directly to the officer or employee of the corporation who is the custodian of the records desired, or, if the subpoena is directed to the corporation, it should designate the president or some other officer or agent of the corporation as the person who shall respond thereto. Relator has cited one of these authorities, viz. Lorenz v. Lehigh Nav. Co., 5 Leg. Gaz. (Pa.) 174. In that case the court said:
 

 “If the master” of a servant is “a mere legal entity,” i. e., a corporation which can “be acted on only through its officers or servants,” then a subpoena duces tecum to produce books and papers before a commissioner “will properly go against the person having the actual custody, * * * without regard to the master’s orders.”
 

 A
 
 subpoena duces tecum will not issue, unless the application shows a necessity for it, and, ’ if the application shows, that other sources of information are open to the applicant, it must also show that he has exhausted those sources.
 

 “The application must also show the necessity for the inspection or production, although an indispensable necessity for their inspection need not be shown. A mere statement that inspection is material and necessary is not sufficient, the facts from which the court must determine the necessity must be stated positively and not argumentatively or inferentially. If the application shows that there were other sources of information open to the party it must show an exhaustion of such sources.” 18 C. J. 1124, 1125.
 

 There is no sufficient showing in the motion of the La Salle Realty Company, which is quoted s.upra, or in the affidavit thereto, which we have omitted to quote, of a necessity for the issuance of a subpoena duces tecum. It is merely alleged that the files of the paper desired “are material and necessary to mover.” The motion asks for the production of the files of a daily newspaper published during the months of August and September, 1923. It does not contain either an allegation or denial of the existence or nonexistence of other sources of information available to mover, nor does it contain an averment that mover has made an effort to ascertain if other sources of information are open to it. The omission of these allegations may not'be sacramental, but it is indicative, if not pursuasive, of the fact that mover preferred to relieve itself of research and expense in securing its proof, and to needlessly place that burden on relator.
 

 Articles 140 and 473 of the Code of Practice, authorizing the issuance of the subpoena duces tecum, are so broad and far-reaching that applicants therefor should be held to a reasonable compliance with every requirement of the law as a condition precedent to the issuance of such a subpoena.
 

 It has been held that a subpoena duces tecum is available to secure the production of a newspaper in the possession of a third person, but it is not “available to compel the printer of a newspaper, to produce printed copies of his newspaper.” 40 Cyc. 2168. In the case of Shippen v. Wells, 2 Yeates (Pa.) 260, it is said:
 

 “If the party wants the benefit of them, it behooves him to purchase them or get them in the best way he can.”
 

 Whether or not this court will ever reach that conclusion, in view of the provisions of articles 140 and 473 of the Code of Practice, is problematical. We are not now inclined to do so, nor is it necessary in this case that this question should be decided, for we have found that the order attacked by relator issued illegally and improvidently.
 

 
 *831
 
 For these reasons it is ordered and decreed that the writ of prohibition issued herein to Hon. William H. Byrnes, Jr., judge of division E of the civil district court of the parish of Orleans, forbidding, enjoining, and prohibiting the said judge from enforcing the order of subpcena duces tecum issued by him against the Item Company, Limited, in the proceeding entitled “Walter Leon Keiffe v. La, Salle Realty Company,” No. 166602 of the docket of that court, he, and the same is hereby, perpetuated and made peremptory, at respondent’s, La Salle Realty Company’s, cost.'