(118 So. 692)

No. 29517.

**RAWLINGS v. SCHWARTZ.**

**In re MILAM–MORGAN CO., LIMITED.**

Oct. 29, 1928.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for relator.

THOMPSON, J. The relator was made a party garnishee in a suit between the parties named in the caption, which was pending in section A of the first city court of this city.

In answer to the interrogatories propounded, the garnishee denied owing the defendant anything.

It does not appear from the record or otherwise that the plaintiff filed any formal motion to traverse the answers of the garnishee, but he did apply for a subpœna duces tecum on the garnishee requiring it to produce in open court, on a day fixed, "the day book and ledger" of the said garnishee.

Whereupon, after due notice, the relator applied to this court for a writ of prohibition.

It is alleged that the respondent judge exceeded the bounds of his jurisdiction; that the failure to comply with the order may subject relator to contempt of court, and, further, that relator has no other adequate relief.

In answer to the rule nisi, the respondent judge practically admits that the order for the duces tecum was improvidently rendered, for he alleges that, when the motion for the subpœna was presented to him, he signed the same without carefully reading it, believing that the same was properly prepared.

It is admitted that the garnishee is a corporation, and the subpœna was ordered to issue to it as such. There was no officer of said corporation named or called upon to produce the books desired and which were alleged to be in the possession of the said corporation.

In the case of Keiffe v. La Salle Realty Co., 163 La. 826, 112 So. 799, 53 A. L. R. 82, this court held (quoting from the syllabus, and which is sustained by the decision) that:

"Corporation cannot be compelled to respond to subpœna duces tecum, when order does not designate some officer, or agent through whom it may act, since corporation is juri diere person, and 'subpœna duces tecum' is same kind as subpœna ad testificandum, with addition of clause requiring production of books, papers," etc.

The above-cited case likewise affirmed Louisiana Farm Bureau, etc., v. Bacon, 159 La. 170, 105 So. 278, to the effect that, where an order to produce documents was illegally or improvidently issued, the person against whom it is issued has the right to refuse to comply therewith and to invoke supervisory power of the Supreme Court.

For reasons assigned, the alternative writ of prohibition herein issued is made peremptory, at the cost of the plaintiff, Rawlings.