ROGERS, J.
 

 The relator applies to this court for a writ of prohibition to restrain the judge of the Twenty-Third district court for the parish of Ascension from enforcing a subpoena duces tecum directed to relator in a' suit pending in said court wherein the Ascension Red Cypress Company, Limited, is the plaintiff and relator is the defendant. The subpoena duces tecum issued on motion of the plaintiff, and requires the defendant to produce and file with the clerk of court, on or before a fixed day, its account books, “showing the cash receipts and disbursements from the beginning of the year 1919 to the present day.’’
 

 Relator alleges that the order of the court was improvidently rendered, and that the judge exceeded his jurisdiction, because the order was issued to the defendant corporation, without designating some officer or agent through whom it might act.
 

 The respondent judge, for return to the rule herein issued, avers that he has no other interest in the subject-matter than to see-justice done between the parties, and that there was ample timé in the interval between the service of the process and the return day for relator to apply to him to recall his order ; that, if such application had been presented, he would have timely ruled thereon; and that defendant, if aggrieved by his ruling, would then have been given ample time and opportunity to petition this court for relief.
 

 This court held in Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799, 53 A. L. R. 82, and Rawlings v. Schwartz, 167 La. 61, 118 So. 692, that a corporation to whom a subpoena duces tecum is improvidently issued has the right to refuse to comply with the order and to invoke the supervisory powers of this court for relief. Both cases were exceptional, which influenced- our action in refusing to apply the general rule the respondent judge suggests should govern here, namely, that applications for remedial writs will not be entertained, unless the appropriate method to obtain relief is first resorted
 
 to in
 
 the court below.
 

 On further consideration of the procedural question involved, we have reached the conclusion that the general, rather than the exceptional, rule should be followed, as conducive to a better and more satisfactory result. We granted relator’s application in deference to the cases of Keiffe v. La Salle Realty Co. and Rawlings v. Schwartz, supra, and also for the purpose of announcing to the members of the legal profession, for their future guidance, that hereafter we will adhere to the general rule. No application for a remedial writ will be entertained, unless and until the appropriate relief has been first sought in the court below.
 

 On the merits of the case in hand, we think relator is entitled to relief. Relator is a corporation, and the subpoena duces tecum was issued to it as such. None of its officers was named or called upon to produce the books described in the order of the court. The case, therefore, falls within the doctrine announced in Keiffe v. La Salle Realty Co.
 
 *609
 
 and Rawlings v. Schwartz, supra, which we affirm, that a corporation cannot be compelled to respond to a subpoena duces tecum, where the order does not designate some officer or agent through whom it may act. There is no distinction in this respect between an order issued to a party litigant, under Code Prac. art. 140, and an order issued to a third party, under Code Prac. art. 141.
 

 Por the reasons assigned, the rule nisi herein issued is made absolute, and accordingly the respondent judge is prohibited from enforcing his order, requiring the relator to produce and file its account books with the clerk of court; the costs of this proceeding are to he paid by the respondent Ascension Red Cypress Company, Limited.
 

 O’NIELL, C. J., dissents, and hands down reasons.