O’NIELL, C. J.
 

 (dissenting). I declined to subscribe to the order on the respondent, Ascension Red Cypress Company, to show cause why the r.elief prayed for by the relator, New River Drainage District, should not be granted, and I respectfully dissent from the opinion and decree rendered in the case.
 

 In Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799, 53 A. L. R. 82, the order to produce the papers described in the order was addressed to a third party, the Item Company, not a party to the suit. The order was granted under authority of article 141 of the Code of Practice, which declares that the courts may, at the request of either of the parties to a suit, order a
 
 third, person to bring into court, on the day fixed for the trial of the case,
 
 documents, etc., which he may have in his possession and which may be important in the decision of the case. When such an order is addressed to a third person, not a party to the suit, it is, literally, a subpoena duces te-cum — bring with you — and is, as the court said in the Keiffe Case, quoting Bouvier’s Law Dictionary, a subpoena of the same kind as the subpoena ad testificandum. In that case, the court observed (page 828 of 163 La., 112 So. 799, 53 A. L. R. 82) that, as a corporation could not respond to a subpoena ad testifican-dum, such a subpoena, or order, could not be addressed properly to a corporation, not a party to the suit. The ruling in that case, therefore, is not at all appropriate to a case where the order of court is directed to one of the parties to the suit, at the request of another party to the suit, and under authority of article 140 of the Code of Practice, commanding the party to the suit to produce in court books or documents in his possession and material to the cause, under penalty of having the facts sought to be proven taken for confessed.
 

 In the case of Rawlings v. Schwartz, 167 La. 61, 118 So. 692, the order, to produce a daybook and ledger, was addressed to a garnishee, Milam-Morgan Company; and this court, treating the garnishee as a third person, not a party to the suit, followed the ruling which had been made in Keiffe v. La Salle Realty Company. The court was not called upon to observe the distinction between an order addressed to a party to the suit, under article 140 of the Code of Practice, and an order addressed to a third person, under article 141. In fact, the Milam-Morgan Company itself, as relator in the case, regarded the order as a subpoena duces tecum, addressed to a third person, as is shown by the relator’s complaint, “that the failure to comply with the order might subject relator to contempt of court.” When an order of that kind is directed to a third person, not a party to the suit, under authority of article 141 of the Code of Practice, the only penalty that can be imposed for a disobedience of the order is punishment for contempt of the order
 
 *611
 
 of the court; but, when an order to produce boohs or documents is addressed to a party to the suit, under authority of article 140 of the Code of Practice, the only penalty that can be imposed is that the facts sought to be proven, and sworn to by the party obtaining the order, are taken for confessed. It is so said in the article of the Code of Practice itself, and was so decided in Columbia Fire Co. No. 5 v. Purcell, 25 La. Ann. 283, and Louisiana Farm Bureau Cotton Growers’ Association v. Bacon, 159 La. 169, 105 So. 278. No officer of a corporation, particularly of a public or political corporation, such as the New River Drainage District, has authority, by his silence or otherwise, to confess an obligation on the part of the corporation. Therefore, according to the precise language of article 140 of the Code of Practice, such an order must be addr'eSsed to’ the corporation ánd Served upon the executive officer having authority to receive citation and other legal process, when such an order is directed to a party to the suit, and the party so ordered is a corporation. I fear that the ruling to the contrary- in this case will deprive such ai^ order of all of the effect which is vouchsafed by article 140 of the Code of Practice, in any ease where the party to the suit, who is ordered to produce books or documents, is a corporation.