145 So. 119

CONTINENTAL SUPPLY CO. v. INTERNA-
TIONAL GAS PRODUCTS,. Inc.

No. 32103.

Nov. 28, 1932.

Hudson, Potts, Bernstein & Sholars, of Monroe, for relator.

Foster, Hall, Barret & Smith, of Shreveport, for respondent.

LAND, J.

The Continental Supply Company obtained a judgment against International Gas Products, Inc., on a promissory note in the sum of $8,000, with interest, attorney's fees, and costs, and on August 27, 1932, filed a petition in the district court of Ouachita·parish to obtain an order to examine its judgment debtor, as to matters pertaining to its estate, and also to compel the production and examination of its judgment debtor's books and papers, as well as to examine its judgment debtor in relation thereto, and in connection with matters pertaining to its estate or property. This proceeding was brought under Act No. 198 of 1924 as amended by Act No. 263 of 1928.

In accordance with the petition of the Continental Supply Company, judgment creditor, the judge of the district court of Ouachita parish issued the following order: "It is ordered, that a notice or summons be served upon the judgment debtor, International Gas Products, Inc., through John J. Potts, agent for service of process, and upon Allan Sho-lars, Secretary of the International Gas Products, Inc., and upon Sam D. Hunter, President of the International Gas Products, Inc., * * * to appear in the Civil Court room in the Ouachita Parish courthouse at Monroe, Louisiana, at ten o'clock A. M. on the 15th day of September, 1932 for examination by the plaintiff or its attorneys upon all matters pertaining to its estate or property; and furthermore commanding the said judgment debtor, International Gas Products, Inc., and Allan Sholars, Secretary of International Gas Products, Inc., and Sam D. Hunter, President of International Gas Products, Inc., to produce the books, papers and other documents hereinabove specified in plaintiff's petition at the said time and place above mentioned, and to likewise appear for examination by the judgment creditor in relation thereto and in connection with the said books, papers and other documents in matters pertaining to its estate or property."

The process issued under this order was directed to International Gas Products, Inc., and was served upon John J. Potts, agent designated by said corporation for service of process; upon Allan Sholars, secretary of International Gas Products, Inc., as secretary; and upon Sam D. Hunter, president of International Gas Products, Inc., as president.

The process directed the International Gas Products, Inc., Allan Sholars, as secretary, and Sam D. Hunter, as president, "to appear in the Civil Court room in the Ouachita Parish courthouse at Monroe, Louisiana, at ten o'clock A. M. on the 15th day of September, 1932 for examination by the plaintiff or its attorneys upon all matters pertaining to your estate, or the estate of the defendant herein

or its property"; and, "You are further ordered to produce the books, papers and other documents specified in plaintiff's petition," etc.

Sam D. Hunter, president of relator corporation and a resident of Caddo parish, excepted to the jurisdiction of the court.

Allan Sholars, secretary of relator corporation, filed a motion to quash the process and service, for the reason that the judgment creditor was without right, under the statute, to examine him under process directed to him as secretary.

International Gas Products, Inc., also filed a motion to quash the process and service on the ground that neither the order nor the process served upon it, through service on John J. Potts, agent for service, *directed that the corporate judgment debtor appear through some officer designated in the order or the process* to testify and to produce books, records, etc., which the judgment creditor desired.

The exception to the jurisdiction and the motions to quash these services were overruled, and it was held by the court below that the prayer of the judgment creditor's application and the order served upon respondents, construed together, were a sufficient compliance with the requirements of the law and the rule announced by this court in Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799, 53 A. L. R. 82; Rawlings v. Schwartz, 167 La. 61, 118 So. 692; and Ascension Red Cypress Company v. New River Drainage District, 169 La. 606, 125 So. 730.

Respondent judge having maintained his order directing each of the parties served with process to appear and produce the books and papers specified and to testify before the court, and application for a new trial having been denied, relator, International Gas Products, Inc., applied to this court for a writ of prohibition, forbidding Hon. Percy Sandel, respondent judge, and the Continental Supply Company, plaintiff, from enforcing or attempting to enforce the order to produce books and papers, and to compel relator to appear for examination.

There are two questions presented by this application for the restraining writ, to wit:

(1) Whether the order issued in this case designates some officer or agent through which the judgment debtor, a corporation, may act; and

(2) Whether the judge of the Fourth district court for Ouachita parish, where the judgment debt herein was obtained, *and where relator, International Gas Products, Inc., was domiciled,* had jurisdiction to order or summons Sam D. Hunter, president of relator corporation, and a resident of Caddo parish.

Sam D. Hunter was not the defendant, or other party to the suit in which judgment was obtained by the Continental Supply Company, plaintiff herein.

The relator, International Gas Products, Inc., is the sole defendant to the suit of the Continental Supply Company, in which this judgment was rendered.

█ The proceedings and process herein complained of by Sam D. Hunter, president of relator corporation, do not constitute an ordinary suit at all against him personally; but, as expressly declared in section 2 of Act No.

263 of 1928, are "an additional and supplemental remedy" given to judgment creditors "to procure the execution of their judgments," by examination of their judgment debtors in court, and by the enforced production and examination of the judgment debtors' books and papers, and by the compulsory examination of the judgment debtors themselves in connection therewith.

Such proceedings and process are in the nature of a mere discovery in aid of execution of a judgment already obtained by the creditor, and the procedure for this remedy is prescribed and controlled solely by Act No. 263 of 1928 and, therefore, is purely and strictly statutory.

■■ In order to invoke the right granted by this statute, it is provided in section 3 of the same that the judgment creditor shall proceed as follows:

"(a) He shall present *to the Judge of the Court where the judgment was rendered* a petition setting forth the fact that he is a judgment creditor and praying that he have the privilege of examining the judgment debtor at a time and place to be fixed by the Judge; which time shall be not less than five days from date of service. Should he also desire a decree that the judgment debtor produce into court the books, papers and other documents which are in his possession, and which are material in the cause, *the Court may at his request command the judgment debtor to produce into court said books, papers and other documents, at a time and place to be fixed by the judge, which time shall be not less than five days from date of service,* provided the party requesting their production declares, in writing and under oath, the facts that he intends to establish by such books, papers or other documents; and, on the refusal of the judgment debtor to comply with the order of the court, the facts stated and sworn to shall be considered as confessed, unless such judgment debtor established by satisfactory evidence, the impossibility of producing such documents.

"(b) *A notice or summons shall be served upon the judgment debtor,* through the proper officer for service of process, and in the said notice the time and place of examination, or the time and place of the production of the books, papers and other documents shall be specified, or both time and place of examination and production shall be specified; *and the debtor shall be commanded to appear at said time and place [of] examination or to then and there produce the said books, papers and other documents, or to so appear and to so produce, if such be the Court's order."*

The proceedings in this case were properly brought before the judge of the Fourth district court for the parish of Ouachita. As he was the judge of the court where the judgment was rendered, and as relator corporation has its domicile in the parish of Ouachita, the district court of that parish was vested with plenary jurisdiction in this case, to *cause a notice or summons to issue and be served upon relator corporation,* the judgment debtor, commanding it to appear at the time and place fixed for examination, and then and there to produce the books and papers needed. As a corporation is an ideal being, and can act only through its officers, agents, and servants, the district judge of that parish was

also clothed with full power and authority to cause summons to be issued to and served upon Sam D. Hunter, president of relator corporation, to appear and be examined on behalf of the corporation, and to produce on its behalf its books and papers, and to be examined in connection therewith.

Complete jurisdiction over the corporation necessarily includes complete jurisdiction over its officers, if they can be found within the state. Otherwise, Act No. 263 of 1928, providing for the examination of a judgment debtor and production by him of books and papers, and examination in connection therewith, could be made a dead letter upon the statute books of this state at any time, merely through the selection by a corporation of officers residing in parishes outside of the parish of its domicile. Such construction placed upon the statute would render its provisions nugatory and wholly inoperative, as far as corporations are concerned.

Under this statute, the appearance in court of the officer on behalf of the corporation is but the appearance in court of the corporation itself, and not that of a natural person in his individual capacity. The officer is the agent and mouthpiece of the corporation and alone can act for it and speak for it. And where a court has jurisdiction, over a corporation, under Act No. 263 of 1928, it is illogical and unsound to attempt to separate the officers of the corporation from the corporation itself, and to treat them in law as individuals, wholly disconnected with the corporation and its affairs.

Necessarily, jurisdiction over the corporation carries with it jurisdiction over its officers within the state, in so far as procedure under this statute is concerned.

2. In Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799, 800, 53 A. L. R. 82, plaintiff obtained the following order for a subpœna *duces tecum:* "It is ordered by the court that *the Item Co., Limited, of the city of New Orleans,* do produce in open court on Thursday, March 31, 1927, at 10:30 a. m., and on such other day or days that this case may be continued to, its files showing the advertisements by the state tax collector for delinquent taxes of 1922; said publications having been made in the months of August and September, 1923."

The Item Company, Limited, attacked this order on the ground, among others, that relator is a corporation, and a subpœna *duces tecum must be directed to some officer, agent, or servant of the corporation,* and applied for a writ of prohibition to prevent the enforcement of the order.

In perpetuating this writ, the court said:

"A corporation is a juridical person. It cannot respond to a subpœna *ad testificandum,* and 3 Bouvier, Law Dict. p. 3165, defines a subpœna *duces tecum* as:

" 'A writ or process of the same kind as the subpœna *ad testificandum,* but with a clause requiring the witness to bring with him and produce to the court books, papers, etc., in his hands, tending to elucidate the matter in issue.'

"This definition is supported by authority. The subpœna *duces tecum* therefore *requires the personal attendance of the witness named in it* and the production and identification by him of the records, etc., it calls for.

"A corporation acts only through its officers, agents, and servants, and, while it may sue and be sued in its corporate name, it can-

not be compelled to respond to a subpœna *du-oes tecum when the order does not designate the president or some officer or agent of the corporation through whom it may act.*

"This particular question has not heretofore been presented to this court. A reference to the digests, however, shows that, while there are a few decisions to the contrary, the weight of authority in our sister states holds that the subpœna should issue directly to the officer or employee of the corporation who is the custodian of the records desired, or, *if the subpœna is directed to the corporation, it should designate the president or some other officer or agent of the corporation as the person who shall respond thereto.*" Pages 828, 829 of 163 La., 112 So. 799, 800.

Under section 3 (b) of Act No. 263 of 1928, it is provided that: "A notice or summons *shall be served upon the judgment debtor,* through the proper officer for service of process, and in the said notice the time and place of examination, or the time and place of the production of the books, papers and other documents shall be specified, or both time and place of examination and production shall be specified; *and the debtor shall be commanded to appear* at said time and place [of] examination or to then and there produce the said books, papers and other documents, or to so appear and to so produce, if such be the Court's order."

Relator, International Gas Products, Inc., being the judgment debtor, was summoned and commanded to appear in this case in strict compliance with this section of the act, through service upon its duly appointed agent.

It is to be noted here that this section requires, *in mandatory terms,* that such service shall be made upon the judgment debtor.

Both the president and secretary of the International Gas Products, Inc., judgment debtor, were also served personally with the notices or summons required by section 3 (b) of the act, and were commanded to appear in this case. These officers of International Gas Products, Inc., judgment debtor, are expressly designated in the order for notice or summons in this case, which partakes of the nature of a subpœna *duces tecum* and also of a subpœna *ad testificandum, both of which require the personal attendance of the witness or officer named in the notice or summons, and, consequently, personal service of the officers* of the International Gas Products, Inc., was necessary and was accordingly made.

The proper practice in such a case in other jurisdictions does not concern us, as we have our own particular statute on the subject, prescribing the necessary procedure when a judgment creditor desires to avail himself of the provisions of Act No. 263 of 1928.

Our conclusion is that the order issued in this case by respondent judge complies with the statute and with the rule laid down in Keiffe v. La Salle Realty Co., 163 La. 824, 112 So. 799, 53 A. L. R. 82, and in the other cases cited in this opinion.

It is therefore ordered that the rule nisi issued in this case be recalled, and that the temporary stay order herein granted be vacated.

It is now ordered that relator's application for a writ of prohibition be dismissed, at relator's costs.