49 So.2d 161

## Ex parte MONROE COUNTY BANK.

### 1 Div. 438.

Supreme Court of Alabama.
Nov. 30, 1950.

516

Barnett Bugg & Lee and R. L. Jones, of Monroeville, for petitioner.

Windell C. Owens, of Monroeville, and Nicholas S. Hare, of Monroeville, for respondent.

FOSTER, Justice.

The question here involved is whether an order of a judge of the circuit court, sitting in equity, should be vacated, which requires The Monroe County Bank to produce in court certain documents on November 7, 1950, at 9:00 A. M. This order was made in response to a motion made by the complainant in a suit in that court against James L. Minish for a divorce and the custody of the children, and in which complainant further sought to have set apart to her certain described property claimed by her as her separate estate, now in possession of respondent, and to make an allowance for her alimony and support of the children. It is alleged they own a home in which complainant resides, and he owns other real estate in Monroe County and is the owner or co-owner of a substantial business at Frisco City, known as Frisco Manufacturing Company, and has other business interests in Alabama and Mississippi, all of which was accumulated through her help and frugality; and further that complainant is the owner of certain stocks and bonds now wrongfully withheld by respondent, and that the furniture and fixtures located in the home are her separate property.

There has been no answer to the bill. The record shows no appearance by respondent, though counsel stated in argument that a demurrer has been filed. We get the sequence of events from the return of the judge to the rule nisi which we issued to set aside his order, referred to above, or show cause why he should not do so.

Complainant, after filing her bill of complaint, made application to perpetuate the testimony of J. B. Barnett, president of The Monroe County Bank, and other witnesses not named in the judge's answer. The register made and entered into the record an order for the examination of witnesses to perpetuate their testimony according to the terms of sections 491–505, Title 7, Code, of whom J. B. Barnett was one, and such examination was set for November 7, 1950 before the register. Prior to the hearing, complainant requested in writing that the register issue a subpoena duces tecum to The Monroe County Bank, which was issued and served on J. B. Barnett, president of The Monroe County Bank, directing it to appear and produce the documents.

On October 12, 1950, the said bank filed an appearance in this proceeding by way of an answer or reply to the subpoena duces tecum. In it the bank objected to complying with the subpoena duces tecum because, (1) the papers and documents are not properly described; (2) the particular documents are not set forth as required by law; (3) that said documents relate to its bank depositors and customers who are not parties to the suit and at the instance of one who does not show a right to them; (4) the bank further deems as is its duty, and the duty of the court, to ascertain just what documents are desired and whether complainant is entitled to have them for use as testimony, and (5) the bank stands ready to obey all orders of the court and feels that its obligation to its clients makes it necessary to protect them unless in violation of its trust.

On October 21, 1950, the complainant moved the court to compel The Monroe County Bank to produce the records at or before the taking of testimony on November 7, 1950. On October 24, 1950, The Monroe County Bank moved the court to quash the motion of complainant to require the production of said documents on November 7th. Both motions came on for hearing on October 24, 1950 before the Hon. F. W. Hare, circuit judge sitting in equity. The court thereupon ordered The Monroe County Bank to produce in court said records on November 7, 1950. Said records are described in the motion made by complainant on October 21, 1950, and in the order of the judge on October 24th, in the following language:

"(a) All records of deposits and withdrawals of the Frisco Manufacturing Company, Inc., The Frisco Manufacturing Company, a partnership, composed of James L. Minish, and Janie L. Minish; and of Janie

L. Minish, James L. Minish, and Bonnie M. Minish, individually; Frisco Bench Company, and the Basic Lumber Company.-

"(b) All records of loans made to each of the parties or entities referred to in paragraph (a).

"(c) All copies of cancelled checks insofar as the same might be available relating to any of the parties or entities mentioned in paragraph (a).

"(d) All written representations or statements of financial condition rendered by or on behalf of the parties or persons referred to in (a) above.

"(e) All records of U. S. Government Bond purchases and sales (including 'cashing in') relating to any of the parties or entities mentioned in paragraph (a) above.

"(f) All records of safe deposit boxes including records showing time and date of entry to each box and by whom such entry was made relative to the parties or entities mentioned in (a) above."

The answer of the judge to the rule nisi in this Court further states that the bank offered no evidence on the hearing of said motions, nor was any showing made of the facts set out either in the motion to quash or in the motion for the production of the papers.

We have here no question raised as to the sufficiency of the proceedings calling for the examination in order to perpetuate the testimony of J. B. Barnett, president of The Monroe County Bank. So that we presume on this hearing that the proper proceedings were had, as set out in section 492, Title 7, Code.

We note in passing that the proceeding is not an examination de bene esse under Rules 48 and 49 of Equity Practice, Code 1940, Tit. 7 Appendix, and also that the proceeding under section 492, supra, applies in equity as well as at law by its express terms. We had occasion in the case of Ex parte Cross, 247 Ala. 85, 22 So.2d 378, to point out some of the distinctions between a proceeding to perpetuate testimony and an examination de bene esse:

We come now to a consideration of the procedure looking to the production of the documents for such an occasion, and whether that procedure has been complied with.

■ A court of equity may on motion and due notice require *parties* to the cause to produce books, documents or writings in their possession or custody which are pertinent to the issue. This exists not by virtue of any statute but it is a well recognized equitable procedure for discovery. 27 Corpus Juris Secundum, Discovery, § 77, p. 114, notes 88 and 89. It is observed that this procedure only has application where a *party* to the cause is sought to be required to produce the documents.

Section 487, Title 7, Code, gives to courts of law the same power, to be exercised in the same way, as courts of equity. We are here dealing with a court of equity and, therefore, section 487 has no application.

■ There is no question raised to the effect that the documents sought are not under the control of Mr. Barnett, who is president of the bank, nor is such issue here made and, therefore, it will be presumed they are under his control. Cobb v. Lagarde, 129 Ala. 488, 30 So. 326; National Fertilizer Co. v. Holland, 107 Ala. 412, 18 So. 170.

■ Of course there are various methods for discovery. We refer to the right to examine the adverse party to a cause by interrogatories propounded to him under Rule 39 of Equity Practice, Code 1940, Tit. 7 Appendix. Our Court is very liberal in extending the power conferred by that rule as well as under section 477, Title 7, Code. Ex parte Rowell, 248 Ala. 80, 26 So.2d 554.

■ The proper procedure by which the production of the papers may be required of a person who is not a party to the cause is by a subpoena duces tecum. Section 489, Title 7, Code. In this matter it appears that a subpoena duces tecum was directed to The Monroe County Bank, of which Mr. Barnett is president, so that the documents may be had at the time of his examination to perpetuate his testimony.

■ We observed at the outset that the subpoena is directed to the bank and not to Mr. Barnett, its president, who is the witness to be examined. Broadly speak-

ing, the subpoena duces tecum at common law was directed only to a person who is competent to testify as a witness. Ex parte Hart, 240 Ala. 642(5), 200 So. 783. But, as observed in Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 541, 55 L.Ed. 771, that is not always so. The power to compel production by such process, it was said is "not limited to those cases where it is sought merely to supplement or aid the testimony of the person required to produce them. The production may be enforced independently of his testimony, and it was held long since that the writ of subpoena duces tecum was adequate for this purpose. * * * Treating the requirement to produce as separable from the requirement to testify generally what one knows in the cause, it follows that the latter may be omitted from the subpoena without invalidating the former. * * * Where the documents of a corporation are sought, the practice has been to subpoena the officer who has them in his custody. But there would seem to be no reason why the subpoena duces tecum should not be directed to the corporation itself. Corporate existence implies amenability to legal process. * * * Possessing the privileges of a legal entity, and having records, books, and papers, it under a duty to produce them when they may properly be required in the administration of justice." In that case the subpoena was addressed to a corporation and required it to produce certain books before the grand jury. It did not call for any other form of evidence. There was no *ad testificandum* clause. Service was had on Wilson as president of the company. Wilson appeared before the grand jury but refused to produce the books for the company. He was adjudged in contempt. On habeas corpus, the court gave expression, as we have quoted, and held that he was in contempt. That authority was followed to that extent in Commonwealth v. Southern Express Co., 160 Ky. 1, 169 S.W. 517, L.R.A.1915B, 913. See, also, Martin v. Williams, 18 Ala. 190.

In the case of Ascension Red Cypress Co. v. New River Drainage Co., 169 La. 606, 125 So. 730, citing its former cases, the court held that a corporation cannot be compelled to respond to a subpoena duces tecum when the order does not designate the officer or agent through whom it may act.

■ In the instant case the record and proceedings show that the purpose was to examine Mr. Barnett to perpetuate his testimony and that he was the one designated as president of the bank through whom it was intended to act. We do not know the terms of the subpoena duces tecum so as to include an *ad testificandum* clause. But if it did include such a clause it could be treated as surplusage since the proceeding as a whole shows that Mr. Barnett was to give the testimony and the corporation through him to furnish the documents sought. The trial court had the power of course to inquire into the nature of the documents sought to be produced and whether they will probably be relevant. Ex parte Hart, supra.

The proposed examination is before the issues are made up, so that it cannot at the present time be finally determined what will be material and relevant. It is somewhat like propounding interrogatories to the adverse party before the issues are made up. Equity Rule 39, supra; section 477, Title 7, Code. It should be prima facie not irrelevant to some probable issue in the cause. Ex parte Hart, supra; Ex parte Rowell, supra; Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757.

■ The documents here sought to be produced are not before the court, but complainant is trying to get access to them to determine whether they are relevant. She is not now offering to introduce in evidence any of the documents. It cannot be determined in advance of their production whether they or some of them are competent and material. This is in the nature of a discovery of evidence, the exact nature of which is unknown to complainant, but is known to the witness and the bank as a corporation. The purpose is to find out the facts which will be relevant. It is not for the witness nor the corporation to determine finally the relevancy, but for the court. The proper course is for the bank to gather up the documents or a descrip-

tion of them in detail, the best it can from the description in the process, and bring them with a motion before the court to determine what should be produced on the examination of the witness. Ex parte Rowell, supra. This does not include such documents as are prima facie inadmissible. Collins v. Mobile & Ohio R. R. Co., 210 Ala. 234, 97 So. 631.

■ The fact that the duces tecum subpoena was broader than it should have been does not relieve the party from responding. State Tax Commission v. Tennessee Coal, Iron & R. R. Co., 206 Ala. 355(5), 89 So. 179. But it is sometimes too broad to be answered. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652.

■ In the instant case the description is very broad, but it is such as that the president of the bank probably knows from it whether he has any of such documents as are within the description. Consolidated Rendering Co. v. State of Vermont, 207 U. S. 541, 28 S.Ct. 178, 52 L.Ed. 327. It would be sufficient for the documents in the description to cover a reasonable time only and let the court decide on application what part of them in the description should be produced on the examination.

The order to produce on November 7, 1950, cannot now be obeyed and it is *functus officio*. The proceeding is now open to such action as the bank may take to protect itself as above indicated. With that explanation, the writ of mandamus is denied.

Writ of mandamus denied.

LIVINGSTON, LAWSON and STAKELY, JJ., concur.