No. 13254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA on the relation of
FRANK ADAMS,

Relator,

-vs-

THE DISTRICT COURT OF THE THIRD JUDICIAL
DISTRICT OF THE STATE OF MONTANA, in and
for the County of Powell, and the HON.
ROBERT J. BOYD, Judge thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Philip W. Strope argued, Helena, Montana

For Respondents:

James J. Masar, County Attorney, Deer Lodge, Montana
Albert W. Meloling, Special Deputy County Attorney,
argued, Helena, Montana

---

Submitted: January 23, 1976

Decided: FEB 18 1976

Filed: FEB 18 1976

Thomas J. Kearney
Clerk

PER CURIAM:

This is an application by a newspaper reporter for a writ of supervisory control to quash a subpoena duces tecum served upon him in a pending criminal case.

Relator is Frank Adams, a reporter for the Tribune, a daily newspaper published in Great Falls, Montana. On October 21, 1975, he allegedly received a letter from L. R. Bretz, excerpts from which were quoted and attributed to Bretz in a news article published in the Tribune the following day. The news article dealt with charges by Bretz that in a number of instances his rights had been violated in the Missoula county jail where he had been transferred after allegedly conspiring with others in the state prison to have Attorney General Robert Woodahl killed. According to the news article, Bretz charged (1) denial of adequate access to law books in working on his defense, (2) denial of his right to correspond with and be interviewed by representatives of the news media, (3) limitations on visitation by his wife and the conduct of business affairs with his former personal secretary, (4) a search of his cell by the sheriff's force for his personal legal files containing statements he had taken from various prisoners concerning a key prosecution witness, (5) reading and photostating his mail, (6) his transfer to the Missoula County jail without due process of law, (7) denial of medical care, (8) unsanitary jail facilities, (9) insufficient food and exercise, and (10) taking prisoners to court in jail clothing consisting of a white coverall and rubber shower shoes.

On October 23, 1975, the state filed an amended Information against Bretz and Merrel J. Cline in the district court of Powell County charging them with a series of crimes: (1) Conspiracy to commit deliberate homicide. (2) Solicitation to commit deliberate homicide. (3) Perjury. (4) Tampering with witnesses. (5) Fabricating physical evidence.

On November 13, 1975, the state served a subpoena duces tecum on relator Adams commanding him to produce the original letter allegedly received by him from Bretz or show cause for his failure to do so. Relator Adams appeared by motion to quash the subpoena duces tecum.

Following hearing the district court of Powell County, the Hon. Robert J. Boyd, district judge, entered an order denying Adams' motion to quash together with a memorandum opinion. The gist of the memorandum opinion was that the Bretz letter was not protected by the statutory newsman's privilege contained in sections 93-601-1, 93-601-2 and 93-701-4(8), R.C.M. 1947, because neither the writer nor the newsman intended to protect the source of the information nor maintain in confidence the contents thereof; the newsman waived the privilege in any event by publication of portions of the letter and disclosure of the identity of the writer; and that neither the First Amendment to the United States Constitution nor Article II, Section 7, 1972 Montana Constitution was applicable to the case.

Relator Adams contends that the district court abused its discretion in denying his motion to quash the subpoena duces tecum. He raises three substantive issues underlying this determination: (1) Are the contents of the letter material, relevant and necessary to the trial of the criminal case against Bretz and Cline? (2) Is the letter a privileged communication under the First Amendment to the United States Constitution; Article II, Section 7, 1972 Montana Constitution, or the statutory newsman's privilege? (3) Did the reporter waive the privilege and if so, to what extent?

We are unable to determine the merits of these issues on the record before us. No court is able to determine the relevancy, materiality, necessity or applicability of the statutes or constitutional provisions of an item of evidence unless that item is first presented to the court for examination. The applicable rule of law has been stated in this language by Professor Wigmore in his treatise on evidence, 8 Wigmore, Evidence § 2200, pp. 127-129 (McNaughton rev.

1961):

> "* * * it is obviously not for the witness to withhold the documents upon his mere assertion that they are not relevant (§2210 infra) or that they are privileged. It is his duty to bring what the court requires. The court can then to its own satisfaction determine by inspection whether the documents produced are irrelevant or privileged. This does not deprive the witness unduly of any rights of privacy, since the court's determination is made by its own inspection, without submitting the documents to the opponent's view." (Emphasis added).

See also: 81 Am Jur 2d Witnesses, §20; Ex Parte Monroe County Bank, 254 Ala. 515, 49 S.2d 161, 23 ALR2d 856.

In this case the relator has not produced the Bretz letter for inspection by the district court in order to enable it to properly rule on the issues he now raises.

The application for a writ of supervisory control is denied without prejudice. Relator is directed to deliver the original Bretz letter to the district court of Powell County for inspection and determination of relevancy and privilege as a condition precedent to any further application for extraordinary relief from this Court.

. . . . . . . . . . . . . . . . . . . . . . . . . . .

Mr. Justice Gene B. Daly did not participate in this case.