## BOYNTON *a.* BOYNTON.

*Supreme Court, Fourth District; General Term, May,* 1863.

WITNESS. — PRODUCTION OF WRITTEN INSTRUMENT. — SUBPŒNA DUCES TECUM.

When a witness admits the possession in court of a written instrument, the fact that no subpœna *duces tecum* has been served, will not excuse him from producing it upon request.

It is error for the court to decline to require a witness to produce a written contract between the parties, which he has in his possession in court, although its materiality is not apparent.

Appeal from a judgment.

This action was brought by Silas Boynton against John Boynton, before a justice of the peace in Washington county, to recover damages for taking and converting certain property, and for the use and occupation of a barn.

The evidence showed a written contract between the parties

for the sale and purchase of a farm, and that the plaintiff was in possession; and showed also a license from the plaintiff to the defendant to occupy the premises for six weeks with his family, cattle, and horses. While in such occupation the defendant erected for his own use stalls and mangers in the plaintiff's barn, in which were kept cattle and horses, and when the tenancy expired he removed the stalls and mangers. He also removed some old boards and plank, and two hitching-posts set in the ground. All of these materials plaintiff claimed by a parol agreement, made about the time of the execution of the written contract for the sale of the farm. On the trial, a witness named McFarland, who was introduced by the plaintiff, testified that he had the written contract between the parties in his pocket. The defendant called on the witness to produce it, which he declined to do, and the justice refused to direct the witness to produce it. Subsequently, the defendant offered parol evidence of its contents, which was excluded.

The plaintiff had judgment, which was affirmed on appeal to the County Court, when defendant took the present appeal.

· *Timothy Cronin*, for the appellant.—I. The justice erred in refusing to require the witness to produce the written contract. (Bonesteel *a.* Lynde, 8 *How. Pr.*, 226; *Graham's Pr.*, 530; *Cowen's Treat.*, 1379.) The justice, in his former return, endeavors to evade the force of this error. All of this evasion is met by the rule of evidence, that where a written contract is proved to exist between the parties, subsequent conversations between them relative to a written instrument are presumed to relate to it, in the absence of evidence of the existence of more than one instrument. (Biddis *a.* James, 6 *Binney*, 321; Forman *à.* Stebbins, 4 *Hill*, 181; 1 *Cow. & Hill's notes*, 200; Phillips *a.* Ford, 9 *Pick.*, 39.) The conduct of the justice was arbitrary and oppressive. (Amy *a.* Long, 9 *East*, 481; Smith *a.* Young, 1 *Camp.*, 440; 2 *Greenl. Ev.*, § 309.) The question of production could not be determined by conjecture as to admissibility, sufficiency, or effect. (Ins. Co. *a.* Lawrence, 2 *Pet.*, 25, 44.)

II. The justice erred in excluding secondary evidence of the contents of the written contract. The verbal request to produce the written contract, then and there in witness's possession, was sufficient. (Smith *a.* Young, 1 *Camp.*, 440.) The plaintiff was

entitled to and should have demanded its production, but by his silence the acts of the witness and of the justice were approved of. (Thayer *a.* Fire Ins. Co., 10 *Pick.*, 329.) The maxim "omnia præsumuntur contra spolialorem" has full application to the plaintiff. (Leeds *a.* Cook, 4 *Esp.*, 256; 1 *Greenl. Ev.*, § 82.)

III. The plaintiff's claim to have purchased the materials in dispute, is void by the Statute of Frauds. (Goodrich *a.* Jones, 2 *Hill*, 142; Mott *a.* Palmer, 1 *N. Y.*, 564; Bishop *a.* Bishop, 11 *Ib.*, 123.)

*Burdick & Betts*, for the respondent.

BY THE COURT.*—The judgment of the justice and County Court must be reversed. Where a witness, who is intrusted with a written instrument executed by the parties to the action, admits its possession in court, he must produce it, and cannot shield himself by a want of service of a subpœna *duces tecum*, or a notice to produce.

It is the duty of the court to require its production, in order to determine its materiality as evidence; and it is error to refuse to require its production because it may not then appear to be material evidence.

Judgment reversed.

---

* Present, POTTER, BOCKES, and JAMES, JJ.