HUNTON v. HERTZ & HOSBACH CO.

118    475
d139    478

WITNESSES—PRODUCTION OF DOCUMENTS.

  The court may, where written documents are in court, order their production and admission in evidence, if found to be material, although no *subpœna duces tecum* has been issued.

Error to Wayne; Frazer, J.  Submitted October 18, 1898.  Decided November 9, 1898.

*Assumpsit* by Albert K. Hunton, administrator of the estate of Wilson H. Tousey, deceased, against the Hertz & Hosbach Company, for goods sold and delivered.  From a judgment for plaintiff, defendant brings error.  Reversed.

Plaintiff brought suit to recover the value of two car loads of birch lumber sold by the deceased to the defendant.  The first sale was made through Mr. Tousey's agents, commission merchants in Detroit; Mr. Tousey living in Bay City.  This load was unsatisfactory, and Morris R. Tousey, the son of the deceased, went to Detroit and saw the defendant.  It seems to have been conceded that that load was not up to the representations.  It is claimed that the difficulty about that car load was settled in the order for a second car load.  On the receipt of the second car load, defendant objected to accepting it, claiming that the lumber was not as represented.  Plaintiff had verdict and judgment.

*Trevor & Trevor* (*C. E. Warner*, of counsel), for appellant.

*T. A. E. & J. C. Weadock*, for appellee.

GRANT, C. J. (*after stating the facts*). The case appears to have been submitted by counsel, and in the instruction of the court, upon the theory that the authority conferred upon the commission men by the deceased was material. This authority was contained in letters which passed between the deceased and the commission men. Mr. Morris R. Tousey was a witness for the plaintiff, and upon cross-examination was asked to produce the correspondence. The witness admitted the letters were in court, and in the possession of his counsel. His counsel stated that they were ready to produce them, if so ordered, but denied that they were material. The court declined to order their production, on the ground that it had not the power; that the proper course for the defendant was to issue a *subpœna duces tecum*. The court was in error. When written documents are in court, it is in the power of the court to order their production for examination, and for admission in evidence if found to be material. The only purpose of the *subpœna duces tecum* is that the documents may be produced in court. When they are in court, in the hands of the parties or their counsel, the court should order their production. *Powers* v. *Russell*, 26 Mich. 179.

Judgment reversed, and new trial ordered.

The other Justices concurred.