RANDALL *v.* DETROIT & NORTHWESTERN RAILWAY.

DISMISSAL AND NONSUIT—PAPERS—ORDER TO PRODUCE—ENFORCEMENT.

It is error to direct a verdict for defendant because plaintiff, suing for services, refuses to produce papers in his possession belonging to defendant, and not shown to be relevant to the case on trial.

Error to Wayne; Donovan, J.   Submitted January 10, 1905.   (Docket No. 36.)   Decided March 28, 1905.

Assumpsit by James A. Randall against the Detroit & Northwestern Railway for services rendered.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Reversed.

*James A. Randall*, in pro. per.

*Thomas A. E. Weadock*, for appellee.

MONTGOMERY, J.   This action was brought to recover attorney's fees for services claimed to have been rendered for defendant.   It appeared by the cross-examination of plaintiff that he had in his hands some papers, consisting of agreements to convey rights of way, deeds, etc., which belonged to the defendant.   Defendant's counsel thereupon served oral notice on him to produce these papers in court.   The court so ordered, and thereupon the plaintiff declined to produce the papers, for the reason that they had no reference to the case being tried.

The position taken by the court is best stated in his own language, as follows:

"These papers called for are clearly the property of the company.   Whatever value they have is not an issue at present.   Whatever use they may be put to in evidence here is not at present the issue.   The owner of any paper, in a court trial, is entitled to be the controller of it, and the question is now up to this:   Shall the court control

this matter, or allow the parties who have been in dispute, and that continue to dispute and wrangle over these papers? The ruling is that the court controls these papers; that they shall be brought into court before we take another step or give any judgment at all. We cannot play with them. Bring them in, Mr. Randall, before you go to this jury. Will you need some little time? Unless they are brought in, I shall direct a verdict. I shall have the order of the court obeyed. Unless they are brought in, I shall direct a verdict."

Plaintiff persisted in his refusal to produce the papers, and thereupon the court directed a verdict for defendant.

It is clear to us from an examination of the record that the papers did not relate to any question involved in the issue. It is doubtless true that the papers belonged to the defendant, and, so far as the record indicates plaintiff's relation to them, his refusal to turn them over to the defendant, either in or out of court, was wholly without justification. The question remains whether the duty to deliver these papers to the company could be enforced in the manner adopted.

The defendant's counsel cites us to *Hunton* v. *Hertz & Hosbach Co.*, 118 Mich. 475, as sustaining this action of the trial judge. The case is not in point. In that case certain papers in court in possession of the party were demanded, and the court refused to order their production. This was held error. The papers were desired as evidence, and were presumably pertinent to the case. In the present case the papers could not have been required as evidence, and we are cited to no case which justifies the ruling made.

It is contended that by plaintiff's own testimony he made no case. We have examined the record with care, and find that there was some testimony to sustain plaintiff's claim. We are not therefore able to say that it conclusively appears that the error pointed out was without prejudice.

The judgment is reversed, and new trial granted.

Moore, C. J., and Carpenter, Ostrander, and Hooker, JJ., concurred.