HENRY L. KINCAIDE vs. JOHN T. CAVANAGH.

Norfolk.    December 6, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil*, Conduct of trial, Discretion of court.    *Witness.    Evidence,* Presumptions and burden of proof, Admissions by conduct.

It is within the discretion of the judge presiding at the trial of an action of contract upon an account annexed containing one hundred and seventy-five items of goods sold and delivered, to permit the plaintiff to hand the account annexed to a witness, and request him to examine it and to state the articles that were delivered by the plaintiff to the defendant.

Where a notice to produce certain documents at the trial of an action has been given by one party to the other but no subpoena *duces tecum* has been served upon the latter, and he, being called to testify by the party who gave the notice, states that he has the documents with him but refuses to produce them, contending that, not having been so summoned to produce them, he could so refuse and compel the party desiring the documents to resort to secondary evidence to prove their contents, it is a proper exercise of discretion by the judge presiding at the trial to order the witness to produce the documents.

At the trial of an action of contract for goods sold and delivered by the plaintiff to the defendant, there was evidence tending to show that itemized statements in writing of the goods which the plaintiff contended he had delivered to the defendant had been given to the defendant and demands for payment made upon him by the plaintiff, and that the defendant never had disputed the bill but had promised to pay it.  The defendant's counsel did not dispute but that some one owed the plaintiff.  *Held*, that there was evidence upon which a finding for the plaintiff was warranted.

CONTRACT for goods sold and delivered.    Writ in the District Court for East Norfolk dated May 21, 1906.

On appeal to the Superior Court, the case was tried before *Wait*, J., without a jury.    There was an account annexed to the declaration containing one hundred and seventy-five items.    The plaintiff called the defendant's wife as a witness, she was handed the account annexed and was asked to examine it and state the articles that were delivered to the defendant by the plaintiff. The defendant objected, but the judge permitted the question to be answered, and the defendant excepted.    It did not appear from the record what the answer was.

The plaintiff also called the defendant as a witness and he, having stated that he had received from the plaintiff statements

containing the items alleged by the plaintiff to have been delivered to him, that he had received a notice from the plaintiff requesting him to produce them at the trial and that he had them with him, was asked to produce them. No subpoena *duces tecum* directing the production of the statements had been served upon him, and his counsel refused to produce the writings and contended that therefore the plaintiff must resort to secondary evidence to prove their contents. The judge ruled that the defendant must produce the statements.

The alleged agreement of the plaintiff with one Tirrell and the defendant, referred to in the opinion, was to the effect that the plaintiff was to supply the defendant with goods up to an amount owed to the defendant by Tirrell, and that Tirrell thereupon was to give the plaintiff credit on account of rent due to Tirrell from the plaintiff. The defendant testified that such an agreement was made; both the plaintiff and Tirrell denied it.

There was evidence tending to show that the defendant had received from the plaintiff statements in writing containing the items of goods alleged to have been delivered to him by the plaintiff, that the plaintiff several times had demanded of the defendant payment of the amount shown as due by the statements and that the defendant never had contended that the goods had not been furnished, or that the bill was not just, and that he had promised to pay the claim. In the course of the trial the defendant's counsel said that there was no dispute that payment for the items was due from some one ; but such statement was made " without any intention on his part to waive any objections to proof already taken."

The judge found for the plaintiff and found specially that no agreement between Tirrell, the plaintiff and the defendant ever was made; and the defendant alleged exceptions.

*E. J. Parker*, for the defendant.

*J. D. Mackay*, for the plaintiff.

HAMMOND, J. 1. As to the use made of the declaration and account annexed in the examination of the defendant's wife. It may be said in the first place that it does not appear what evidence the witness gave, and hence it is not shown that it was prejudicial to the defendant. But, however that may be, this

paper was not handed to the witness simply for the purpose of refreshing her recollection. There were one hundred and seventy-five items in the declaration. Counsel for the plaintiff might have read them one by one and asked a question as to each, or he might have read at a time a dozen, more or less, and asked the witness what she could say about them or any of them. Instead of that he was allowed to place the whole account before her, and, instead of framing a question as to each item, to ask her generally to answer as to each item without further question. This method of questioning a witness in such a case is not unusual, and it was within the discretion of the judge to permit it.

2. As to the production of the statements. It is not contended by the defendant that they were not admissible, but he says that, upon his failure to produce them, the only thing the judge could do was to receive secondary evidence. We are of opinion however that, the defendant having taken the stand with the statements in court under his control, the judge at his discretion could either take secondary evidence or order the production of the papers. See *Commonwealth* v. *Lannan*, 13 Allen, 563. There was no need of a subpoena *duces tecum* when both witness and documents were in the presence of the court.

3. The evidence as to whether the agreement between the plaintiff, Tirrell and the defendant ever was made was conflicting, and the finding that it was not made is warranted by the evidence. There was evidence also to support the general finding for the plaintiff.

*Exceptions overruled.*