# Carmichael, *et al. v.* Pond.

### *Bill for Discovery.*

(Decided December 17, 1914.  67 South. 384.)

1. *Discovery; Equity; Administration.*—A bill alleging that complainant was the administrator of the estate, that certain promissory notes made by respondents to the intestate, certain moneys and certain muniments of title to the estate were in possession of some of the respondents, that complainant did not know, and without the aid of a court of equity, could not ascertain which one of the respondents had possession of the documents; that they deliberately concealed from him the identity of the person in possession in order to prevent him from administering the estate in the court of chancery, and that he could not bring detinue because he did not know the persons in possession of the document, contains equity as a bill for discovery in aid of the administration of the estate.

2. *Same; Jurisdiction; Statutory Bill.*—The statutes authorizing parties to suits at law or in equity to file interrogatories to their adversary, sometimes called statutory bills of discovery, do not deprive the chancery courts of any of their original jurisdiction as to bills for discovery.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

[Carmichael, et al. v. Pond.]

Bill by Henry W. Pond, as administrator, against D. M. Carmichael and others, for discovery. Decree over-ruling demurrers to the amended bill, and respondents appeal. Affirmed.

The original bill sufficiently appears from the opinion. The bill was amended by the further allegation that the respondents have knowledge of the custody, or have the actual custody, of said paper writing and money above referred to, that the discovery herein sought is material, and that without such discovery orator is unable to maitain this suit because of facts elicited by the interrogatories hereinafter propounded, which cannot be proven otherwise than by respondents' answers to such interrogatories. The bill was further amended by the addition of certain interrogatories seeking to ascertain whether or not complainant's intestate had any money on its person at the time of his last visit to the Carmichaels, or at the time of his last sickness while there, and, if so, how much, and what became of it. The demurrers raise the point that there is no equity in the bill; complete and adequate remedy at law; no demand made for the money, deeds, and notes mentioned; fishing bill; no affidavit, and it is alleged on information and belief, and not on personal knowledge; and because it does not show that complainant is entitled to the matters therein sought or interested therein.

FELIX L. SMITH, and LACKEY & ROWLAND, for appellants.

S. J. DARBY, for appellee.

MAYFIELD, J.—(1) This is a bill the sole equity of which is discovery. The case made by the bill is

that complainant is the administrator of the estate of R. A. Lessly; that certain promissory notes made by some of the respondents to his intestate, and certain moneys, and certain deeds or conveyances forming the muniments of title to the estate of his intestate, are in the possession of some one of the respondents or their agents or confederates; that complainant does not know, and cannot ascertain without the aid of a court of equity, the particular one of the respondents, agents, or confederates who has the possession of the documents in question; that they will not inform him, but deliberately conceal from him the identity of the person in possession or control of the documents; that these respondents are withholding from him this information to prevent him from administering the estate in the court of chancery to which the administration of the estate has been removed; that he cannot properly administer the estate in the chancery court without this knowledge, information, or discovery; that he cannot bring an action of detinue to recover the specified chattels, because he does not know the particular individual who has the possession, custody, or control of the documents desired; that these defendants, one or all, have the documents, or know who has such possession or control; but that they deliberately conceal and withhold the information from the complainant to defeat his administration of the estate of his intestate. The chancellor sustained respondents' demurrer to the original bill, and complainant then amended his bill to meet the objection or defect pointed out by the chancellor in his opinion. The respondents then demurred to the amended bill, and the chancellor overruled the demurrer, and from this decree the respondents prosecute this appeal.

[Carmichael, et al. v. Pond.]

The amended bill was not subject to any of the grounds of demurrer, and we think it certain that it contains equity as a bill for discovery in aid of the administration of the estate in the chancery court. It is perfectly obvious, from the averments of the bill, that complainant is entitled to the custody and possession of the documents as alleged in the bill, and that his possession thereof is necessary to the proper and complete administration of the estate in the chancery court, and we think the bill sufficiently shows that he cannot acquire the possession or recover the same in a suit at law or equity, without the discovery of the information sought in this bill, and that he cannot obtain the information necessary from any other source, nor without the aid of the chancery court through this bill of discovery. This subject was fully discussed by this court in an early case, that of *Alston v. Graves,* 6 Ala. 177, wherein it is said: "Mitford lays down the rule in these words: The plaintiff may require this discovery, either because he cannot prove the facts, or in aid of proof to avoid expenses.—Mitford on Plead. 207. Lord Hardwick, in 1741, in *Brownlow v. Gamal,* 2 Atk. 240, says a plaintiff is entitled not only to have discovery in matters which he cannot prove, but of such matters as may be of use and relief to him in recovering his title. Again, in 1751, in *Lord Montague v. Dudman,* 2 Vesey, 375, he says a bill of discovery lies here to aid the proceeding in some suit relating to a civil right in a court of common law. And, afterwards, in *Finch v. Finch,* Id. 392, he insists that every plaintiff is entitled to have a discovery from defendants, on two heads: To enable him to have a decree, and to ascertain facts material to his case, either because he cannot prove, or in aid of proof; for a man may be entitled to an answer of what he can prove to avoid expense."

In the case of *Continental Life Ins. Co. v. Webb*, 54 Ala. 967, it is said: "In a bill for discovery only, it may not be necessary to disclose that the facts sought to be discovered are incapable of proof otherwise. A discovery may be had of mere cumulative evidence.—Story's Eq. Pl. § 324. But if the bill is framed for discovery and relief, and seeks to withdraw from the jurisdiction of the courts of law matters of pure legal cognizance, it must be shown the discovery is indispensable to the ends of justice, and, because of the inability of a court of law to compel it, the jurisdiction of a court of equity arises, as it arises generally, because of the inadequacy of legal remedies."

(2) It has been uniformly decided by this court that our statutes authorizing parties to suits at law or in equity to file interrogatories to their adversaries, which practice is sometimes called statutory bills of discovery, do not deprive the chancery court of any of its original jurisdiction as to bills for discovery. In the case of *Nixon v. Clear Creek Lumber Co.*, 150 Ala. 608, 43 South. 806, 9 L. R. A. (N. S.) 1255, it is said: "In a case where a party sought to discover as to the number and value of lots which it was claimed had been sold, and in which complainant had an interest, this court said: 'The well-established jurisdiction of a court of equity to compel a discovery from a party is not affected by the statutory provisions which permit an examination of the parties to a suit as witnesses in a court of law. The jurisdiction remains the same as before the adoption of the statute.'—*Wood v. Hudson*, 96 Ala. 469, 11 South. 530. This court, also, in a matter of account held that 'discovery is an acknowledged independent source of equitable jurisdiction and is not affected by statutory provision;' also, that the court, having obtained jurisdiction for discovery, 'will proceed

[Compton, et al. v. Collins, et al.]

to settle and adjudicate all the matters in controversy, granting complete relief, though it may involve the adjudication of purely legal questions.'—*Va. & Ala. Mining & Mfg. Co. v. Hale & Co.*, 93 Ala. 542, 545 546, 9 South. 256."

We find no error in the decree of the chancellor, and it is in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.