THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LE ROY J. MILLER, Appellant.

(Argued June 8, 1931; decided July 15, 1931.)

*R. J. Shanahan* for appellant. The exclusion of the public from the court room by the trial judge was a denial of a public trial to which the defendant was entitled, and reversible error. (*People* v. *Qualey*, 210 N. Y. 202; *Lee* v. *Brooklyn Union Pub. Co.*, 209 N. Y. 245; *People* v. *Hall*, 51 App. Div. 57; *People* v. *Thorn*, 156 N. Y. 286; *People* v. *Murray*, 89 Mich. 276; *State* v. *Brooks*, 92 Mo. 273; *People* v. *Kerrigan*, 73 Cal. 223; *People* v. *Yeager*, 113 Mich. 228; *People* v. *Hartman*, 103 Cal. 242.) Reversible error was committed in refusing defense counsel the inspection and use upon the trial of the letters of the deceased. (*Schwickert* v. *Levin*, 76 App. Div. 373; *People* v. *Becker*, 210 N. Y. 274; *People* v. *Cole*, 43 N. Y. 508; *Green* v. *State*, 53 Tex. Crim. Rep. 490; *State* v. *Bacon*,

41 Vt. 526.) It was error for the court to refuse to direct the district attorney to turn over to defendant's counsel the grand jury testimony of certain of the defendant's witnesses. (*Schwickert* v. *Levin,* 76 App. Div. 373; *People* v. *Wilcox,* 245 N. Y. 404.)

*Clarence Unckless, District Attorney (William C. Martin and De Banks M. Henward* of counsel), for respondent. The exclusion of a part of the general public from the court room during the trial was within the sound discretion of the court, and was not error. (*People* v. *Hall,* 21 App. Div. 57.) The denial of the trial judge in permitting defendant's counsel the inspection and use upon the trial of the letters of the deceased was a proper discretion and in no way prejudiced the rights of the defendant. (*People* v. *Becker,* 210 N. Y. 274; *People* v. *Cole,* 43 N. Y. 508; *People* v. *Fabri,* 251 N. Y. 572.) It was not error for the court to refuse to direct the District Attorney to turn over to defendant's counsel the grand jury testimony of certain of the defendant's witnesses. (Code Crim. Proc. §§ 265, 266.)

CARDOZO, Ch. J. The evidence amply sustains the verdict that the defendant shot and killed Gladys Blaich with a deliberate and premeditated design to cause her death.

An opinion would not be necessary if it were not for erroneous rulings of the trial judge which in this case were harmless, but which if repeated in other cases, where guilt is not so clearly proved, might cause justice to be thwarted.

The defendant's mother, Mary Miller, gave testimony as to the defendant's life history and his relations to the murdered woman. On cross-examination, she was questioned by the District Attorney as to her statements on the same subject when examined by the grand jury. At the stage of redirect examination, counsel for the

defendant made demand upon the District Attorney that he be permitted to inspect the copy of the minutes of the grand jury from which the District Attorney had been examining in so far as they included the testimony of the witness then upon the stand. The demand was refused, and upon the protest of counsel the court upheld the refusal.

We think the minutes to the extent demanded should have been offered for inspection. The People invoke the rule whereby the secrecy of the proceedings before the grand jury must be preserved inviolate (Code Crim. Pro. § 265). It is a rule not without exceptions, some of them declared by statute (Code Crim. Pro. § 266), others implied by courts when essential to the ends of justice (*People ex rel. Hirschberg* v. *Bd. of Supervisors*, 251 N. Y. 156, 170, 171; *Attorney-General* v. *Pelletier*, 240 Mass. 264; *State* v. *Campbell*, 73 Kan. 688; 5 Wigmore on Evidence, §§ 2360–2363). The District Attorney might have refrained, if he had pleased, from asking the witness anything about her previous testimony. He was not at liberty, after exhibiting so much of it as was helpful to the People, to deprive the defendant of the privilege of exhibiting the residue.

The error, for such it was, was not so substantial in its bearing on the fate of the defendant as to call for a reversal of the judgment of conviction (Code Crim. Pro. § 542). What was said by Mrs. Miller before the grand jury, though left unqualified by anything else that she may have said at the same time, was too trivial in its significance, too fully in accord with the testimony on her direct examination by counsel for the defendant, to have counted as a material factor in the choice of innocence or guilt. There is no reasonable possibility that the qualifying statements, if any such there were, could have changed the verdict of the jury if the defendant had been allowed to prove them.

What is true of the testimony of the witness Mary

Miller, is true, and for like reasons, of the testimony of other witnesses, Shapiro and Keville. Their testimony before the grand jury as brought out by counsel for the People was not at variance, in any substantial measure, with their testimony at the trial as brought out by the defense. There is no suggestion in the record that the complete minutes, if produced, would have shown any testimony qualifying or retracting what had been quoted by the People. Even if they would, there is no reasonable possibility that a different verdict would have followed.

The defendant complains also of the refusal of the court to allow him to inspect letters marked for identification. Manning, a state trooper, testified for the People that he had visited the home of Gladys Blaich, and in her room had found letters, from which he had gathered ten that appeared to be in the same handwriting. These letters were marked for identification. They were never offered in evidence. There is nothing to show who wrote them. They were produced as a batch of papers found in a stated place, and there the matter rested.

The defendant did not attempt to cross-examine about the contents of these writings while Manning was on the stand. After the close of the People's case, however, he asked permission to inspect them. The refusal of the judge to direct the counsel for the People to comply with his request is now assigned as error.

When documents present in court are of such a nature that if called for by a subpœna they would be subject to inspection by the adverse party, the duty of the judge is to direct the holder of the documents to produce and exhibit them (*Boynton* v. *Boynton*, 16 Abb. Pr. 87; affd., 41 N. Y. 619; *Hunton* v. *Hertz & Hosbach Co.*, 118 Mich. 475; *Kincaide* v. *Cavanagh*, 198 Mass. 34, 36; 4 Wigmore on Evidence, § 2200). Indeed, he may do so in his discretion, though the documents are not in court, if they are procurable by a witness or a party subject to his orders (*Commonwealth* v. *Lannan*, 13 Allen, 563; *Kincaide* v.

*Cavanagh, supra.*) The formality of a subpœna ought not to be insisted on when it will serve no useful purpose, and least of all to the prejudice of one in jeopardy for a capital offense. On the other hand, the judge is not under a duty to compel the production of the documents at the very moment they are called for by counsel for the prisoner, unless the circumstances of the case make them presently important, as where they are necessary for the purpose of cross-examination then and there. A reasonable discretion may be exercised as to the time most consonant with justice. Documents in the possession of the prosecutor and marked for identification may be so related to the proof of guilt that their contents ought not to be divulged at the moment of the marking. Justice will sometimes be promoted if disclosure of the contents is withheld till the fabric of the proof shall be more fully and closely woven. The rights of a defendant will generally be sufficiently protected if inspection is permitted before the case is closed.

We think the ruling of the court, amounting as it did to a refusal to direct the inspection of the letters at any stage of the trial, was error whereby the defendant would be aggrieved if there were a reasonable possibility that it had an effect upon the jury. The letters were not the private memoranda of the prosecuting officer (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 34.) They were the belongings of the murdered woman, found in her home, and identified in court. But the failure to exhibit them, if error, was harmless in its consequences. The letters were not required for the present examination of the witness Manning. The witness had left the stand, and was no longer in the courtroom, and even if he had been at hand, there was nothing in his testimony that could have been changed or affected if the contents of the letters had been known to the examiner. Not only were the letters unnecessary for present cross-examination; they were unnecessary at any stage. They were pro-

duced by the District Attorney on the argument of the appeal in this court, and left for inspection by the judges. We may doubt whether they would have been admissible in evidence if the defendant had chosen to offer them, with the exception perhaps of one as to which the People may have opened the door by cross-examination. The only conceivable purpose they could have served would be to exhibit the defendant's state of mind in his relations to the murdered woman, and this was not disputed. If, however, the assumption be made that they would have been admissible for some purpose, either the one suggested or some other, it is certain that they would have been ineffectual to vary the result. There is nothing in any of them inconsistent with the testimony of any of the witnesses or tending to exhibit in a more favorable light the undisputed relations between the defendant and the woman. We follow, therefore, the course pursued in *People* v. *Kahn* (254 N. Y. 567), where a ruling, not dissimilar, was made by the trial judge, and disregard the error in accordance with the mandate of the statute (Code Crim. Pro. § 542).

The defendant complains of an order of the trial judge whereby visitors were excluded from the court-room, with a resulting denial, it is said, of the privilege of a public trial assured by the statute to one accused of crime (Code Crim. Pro. § 8; Judiciary Law; Cons. Laws, ch. 30, § 4). The trial was not secret. Not only all the witnesses, but also representatives of the public and in particular, so it is said, representatives of the press, were permitted to be present. The purpose of the trial judge in the exclusion of the public generally was to promote sanitary conditions by keeping the air pure and fresh in what would have been otherwise a crowded courtroom. The trial was a protracted one, lasting three weeks, and there was need, or so the judge believed, to safeguard the health of the jurors and of others whose duty was to be there. Whether the ruling would be upheld if there had been

timely protest by the defendant, there is no occasion to consider (cf. *People* v. *Hall*, 51 App. Div. 57; *People* v. *Murray*, 89 Mich. 276; *Reagan* v. *United States*, 202 Fed. Rep. 488). Instead, he heard it without objection and even with the approval of his counsel till the verdict had been announced. We are satisfied that justice does not require a new trial (*People* v. *Semione*, 235 N. Y. 44).

The judge instructed the jury that they were to approach the consideration of the evidence with a presumption that Gladys Blaich had committed suicide and had not come to her death at the hands of the defendant. This ruling is not complained of by the defendant. It is a ruling in his favor. It has support in the decision of this court in *People* v. *Creasy* (236 N. Y. 205). Upon reconsideration of the doctrine of that case, we are unanimously of the opinion that to the extent of its recognition of a presumption of suicide it should now be disapproved. There is indeed a presumption in the absence of inculpatory evidence that death was not caused by the criminal act of the defendant, for this is merely a restatement in another form of the presumption of innocence. There is no presumption that it was caused in any particular way, whether by suicide, by the defendant himself through innocent misadventure, or by the act of some one else, undetected or unknown.

The judgment of conviction should be affirmed.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment of conviction affirmed.