26 So.2d 554

**Ex parte ROWELL.**

**5 Div. 415.**

Supreme Court of Alabama.
June 13, 1946.

Jacob A. Walker, of Opelika, and A. L. Patterson and J. W. Brassell, both of Phenix City, for petitioner.

Denson & Denson, of Opelika, and Thos. W. Starlin, of Phenix City, for respondent.

FOSTER, Justice.

This is a petition for mandamus to review the ruling of the trial court on two motions made in a cause in which petitioner is plaintiff and William D. Walls as an individual doing business under the name of Blue Bird Cab Company is the defendant.

Motion No. 1 relates to the refusal of the court to require defendant to answer interrogatories Nos. 23, 25, 28, 30, 31, 38 and 51, propounded by plaintiff to defendant under section 477, Title 7, Code.

Motion No. 2 relates to the refusal of the court to direct defendant to produce in court the documents referred to and described in those interrogatories. Those interrogatories were directed to be answered by defendant if in answer to other interrogatories defendant should state that he was not engaged in transporting passengers for hire by agents. He did so state.

The suit was by the administratrix of a person killed in an accident while riding in a taxicab owned by defendant. Defendant in answer to other interrogatories stated that the driver of the cab, Borders, paid defendant a stated sum for the use of the cab and kept all fares. It appears from the answers to the interrogatories that defendant claimed that the driver of the cab was not his agent, but was a contractor and operated the cab on his own account and

for his own benefit. The complaint alleged that he was defendant's agent acting in the line and scope of his agency.

Interrogatory No. 23 called for the originals or copies of all business licenses then held in the name of Blue Bird Cab Company or similar names. Interrogatory No. 25 called for the original or copies of all insurance policies held by defendant or in the name of the Blue Bird Cab Company "on automobiles in order to ascertain for what business use or purpose said automobiles were insured." Interrogatory No. 28 called for the originals or copies of all contracts between defendant and Borders "with reference to employment, the lease or purchase of taxicabs, licenses and insurance policies in your (defendant's) possession relating to his activities and as a taxicab driven by him."

Interrogatory No. 30 calls for a statement of the business arrangement with Borders with reference to the taxicab that he regularly or usually used.

Interrogatory No. 31 called for the original or copy of the written contract, if any, which evidenced the arrangement between defendant and Borders.

Interrogatory No. 38 called for the conversation in the presence of defendant in which Borders and defendant participated, by which Borders procured the use of the cab which he was driving, and in which plaintiff's intestate was riding when the accident occurred.

Interrogatory No. 51 calls for a full statement of the nature of the business of defendant, the name in which it was operated, and the nature of his relation to Borders, the services he rendered defendant and the services and equipment defendant furnished him. This was to be answered if defendant had not fully disclosed these matters in the answers which he may have made to prior interrogatories.

Defendant made substantially the same objection to answering each and all of those interrogatories above described: that they call for immaterial, irrelevant, incompetent and illegal evidence.

The matter particularly important for consideration is whether defendant should be required to answer interrogatories as to his liability insurance for the use of the taxis which he owned and which were used in his business by drivers under some sort of arrangement with him. The same principle would apply to business licenses, which he may have held. The difference being that any error in admitting as evidence said licenses would not probably be as damaging as in admitting liability insurance.

Whether such policies are admissible will depend upon their terms, and whether they were procured in an abundance of caution as a protection against such claim as that now being made which it is claimed is not well founded or whether it is evidence that it was procured on the theory that the drivers, such as Borders were the agents of defendant. A policy which covers the liability of defendant for damages arising out of accidents resulting from the operation of the business of defendant, may contain such terms as would shed light on the issue here presented. Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757, and cases there cited.

In that case plaintiff offered in evidence the policy which was then and there in hand. This Court was considering its admissibility, and held it to be so.

In the instant case the policy is not before the Court, but plaintiff is trying to get access to it either in answer to the interrogatories or by his motion No. 2, on the authority of section 487, Title 7, Code. He is not now offering it as evidence. Its terms may be such as that it would be incompetent and immaterial evidence. Defendant contends that the interrogatories to be answered must call for evidence which is competent and material, and not be such as in the nature of a fishing expedition. But to carry out such theory to such a situation as this the interrogatories would not be useful.

Their purpose is that of discovery of evidential matters or information known to defendant, and not to plaintiff. If plaintiff must show that the answers will be such as to produce evidence which at all events is relevant, plaintiff could not comply with such requirements. The purpose is to find out the facts which will

be relevant if they are of such a nature. This cannot in some instances be known until the answers come in. In Collins v. Mobile & Ohio R. Co., 210 Ala. 234, 97 So. 631, the interrogatory required defendant to attach the original or copies of correspondence and of drafts, checks, releases, receipts, or other documents involved pertinent and affecting the defendants. It is not for defendant to determine whether they are pertinent, but for the court. This cannot be done until they are produced. If they are not material the court will sustain the objection. But if they may or may not be material, dependent upon their contents, the court will require them to be produced so as to determine whether they are material.

■ What is meant by the statement that the evidence called for must be legal evidence is that it must not be prima facie inadmissible. Culver v. Alabama M. Ry. Co., 108 Ala. 330, 18 So. 827; Ex parte Nolen, 223 Ala. 213, 135 So. 337; Montgomery Light & Traction Co. v. Harris, 197 Ala. 358, 72 So. 619.

■ Interrogatories are not in the nature of a fishing expedition when they call for pertinent matter believed to be in defendant's knowledge, and call on him to answer in respect to it. Chandler v. Hudson, 8 Ala. 366.

■ They cannot be used to discover the existence of a fact then unknown as a basis for allegations necessary to a cause of action, not then alleged in the complaint. That is a fishing expedition. Altman v. Barrett, 234 Ala. 234, 174 So. 293; Ex parte Pollard, 233 Ala. 335, 171 So. 628.

The same comment is applicable to those interrogatories calling for copies of defendant's business licenses.

■ Certainly the contract and arrangement between defendant and Borders are admissible and written or parol evidence of it should be disclosed.

■ The conversation in the presence of defendant as called for in interrogatory No. 38 is not hearsay, and not subject to that or other objection now apparent.

We see no reason why each and all the interrogatories embraced in Motion No. 1, which we have mentioned, should not be answered.

Motion No. 2 which seeks to have an order requiring the production in court of the documents referred to in the interrogatories which we have considered, is affected by section 487, Title 7, Code.

Section 426, Title 7, Code, requires an affidavit of their necessity or materiality, and that they are in possession of defendant or in his power, whereupon the court may order their production at or before the trial.

Section 487, supra, contemplates a motion and due notice, on which the court may require their production when it might be so ordered by the ordinary rules pertaining to equity cases.

■ The motion numbered two is not based on an affidavit as required by section 426, supra, and therefore cannot be supported by that statute. In Ex parte Darring, 242 Ala. 621, 7 So.2d 564, this Court observed that section 426, supra, is supplementary to existing statutes, especially to section 487, which looks to production of documents at the trial. This is also true as to a subpoena duces tecum under section 489, Title 7, Code, addressed to persons not a party to the suit.

In Ex parte Hart, 240 Ala. 642, 200 So. 783, this Court noted with approval the analysis of section 487, supra, by the Court of Appeals in Steverson v. W. C. Agee & Co., 14 Ala.App. 448, 70 So. 298, 300. There the Court of Appeals had this to say: "It will be observed that under the quoted sections the conditions named as precedent to the exercise by the court of the power and authority there conferred are: First, a motion to require the production of such books, writings, or documents (Birmingham Dry-Goods Co. v. Bledsoe, 117 Ala. 495, 23 So. 153); second, notice of the motion to the opposite party; third, that such books, documents, or writings 'contain evidence pertinent to the issue, (Alabama G. S. R. Co. v. Taylor, 129 Ala. 238, 29 So. 673); and fourth, that such opposite party has the possession, custody, or control of, or power over such books, etc. (Goss v. [Aug.] Weiman [& Co.], 5

Ala.App. 404, 59 So. 364). When these conditions exist, then the court 'may, in cases and under circumstances' where a chancery court would compel production, do so under the statute."

This citation will also be found in the annotation in the Code to section 487, supra.

The motion numbered two is lacking in the requirements there set out, and was overruled without error.

There may not be occasion for plaintiff to proceed further under section 426 or 487, supra, when defendant answers the interrogatories to which we have referred. But if he finds it necessary to do so, he must observe the requirements mentioned in one or the other statute.

We find therefore that the peremptory writ should issue as to motion No. 1, but not as to motion No. 2. It is so ordered.

Mandamus issued in part, but denied in part.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.