96 So.2d 627

Ex parte ANNISTON PERSONAL LOANS, Incorporated, and Anniston Personal Loans, Incorporated, d/b/a Home Finance Company.

3 Div. 742.

Supreme Court of Alabama.

July 26, 1957.

D. Eugene Loe, Hill, Hill, Whiting & Harris, and Hill, Robison & Belser, Montgomery, Winton G. Wilson, Palmer Keith, Birmingham, and Wallace L. Johnson, Mobile, for petitioners.

John Patterson, Atty. Gen., and Robt. P. Bradley and J. Noel Baker, Asst. Attys. Gen., for respondent.

GOODWYN, Justice.

On July 13, 1955, the State of Alabama on the relation of John Patterson, as Attorney General, filed a bill of complaint in the circuit court of Montgomery County, in equity, against Anniston Personal Loans, Inc., an Alabama corporation, Anniston Personal Loans, Inc., doing business as Home Finance Company in Montgomery, and L. G. Allenstein, an individual (alleged in the bill to be the president and chief executive officer of Anniston Personal Loans, Inc.), seeking both a temporary and a permanent injunction against said respondents restraining them from making or entering into any loan contract or agreement whereby the rate of interest exceeds the statutory rate. The theory of the bill is that the respondents have been, and are now, "deliberately, persistently, continuously and intentionally" charging usurious rates of interest in violation of § 60, Tit. 9, Code 1940, and that such conduct constitutes "a public nuisance to the citizens of the State of Alabama and will continue to be a public nuisance unless the practices of the respondents be effectually restrained."

At the same time the bill for injunction was filed there was also filed by the attorney-general what is entitled a "Petition for Summary Production of Documents". This petition sets out the bill for injunction as an exhibit and alleges that respondents "in the normal and regular course of their business keep records of each loan transaction which * * * will show the amount of money advanced to each borrower, the amount which the borrower was or is required to repay and the time of repayment"; that "these books and records constitute pertinent and material evidence in the prosecution" of the injunction suit, and that "unless the court enters an order requiring the instanter production of the books and records maintained by respondents, such books and records being in the care, custody and control of Harold A. Barnett, 246 Bibb Street, Montgomery, Montgomery County, Alabama, there is a grave probability that said books and records will be lost or destroyed, secreted, placed in the custody of others, or transferred beyond the jurisdiction of the court."

The prayer of the petition is for an order "directing the respondents and each of them and the said Harold A. Barnett to surrender

instanter and forthwith to the Register of the Circuit Court of Montgomery County, Alabama, in Equity the books and records of the respondents which show each loan contract or agreement entered into by the respondents for a period of one year next preceding the date of service of the order and such records of the respondents as show the amount of money advanced to each borrower during said period; the amount which the borrower was or is required to repay and the time of repayment and all records of final entry used by the respondents in the operation of their said business, together with copies of all receipts issued to each borrower in connection with the loan made and that &ast; &ast; &ast; the above described books and records be made available to the petitioner for a period of time sufficient to enable petitioner to make copies of said books and records."

Thereupon, on the same day, without notice to respondents (petitioners here), the respondent here, Honorable Walter B. Jones, Judge of the Circuit Court of Montgomery County, sitting in Equity, issued the following order:

"The ends of justice requiring it, and it appearing to the satisfaction of the Court that the books and records of Anniston Personal Loans, Inc., a corporation, and Anniston Personal Loans, Inc., doing business as Home Finance company, which show each loan contract or agreement entered into by them for a period of one year next preceding the date of this order and the records of the said Anniston Personal Loans, Inc., a corporation, and Anniston Personal Loans, Inc., doing business as Home Finance Company, that show the amount of money advanced to each borrower during said period and the records which show the amount each borrower was or is required to repay and the time of repayment and all records of final entry used by the said Anniston Personal Loans, Inc., a corporation, and Anniston Personal Loans, Inc., doing business as Home Finance

Company, in the operation of their business and all copies of receipts issued to each borrower in connection with loans which are made, are in the possession of Harold A. Barnett and that the same are necessary for use as testimony in this cause, it is, therefore,

"Ordered that the said Harold A. Barnett do instanter and forthwith surrender the above described books and records to the Register of the Circuit Court of Montgomery County, Alabama, in Equity, and

"It is further Ordered that the Register of the Circuit Court of Montgomery County, Alabama, make available to John Patterson, the Attorney General of the State of Alabama, the above mentioned books and records for a period of time sufficient to enable him to make copies of the same, and

"It is further Ordered that the Register of the Circuit Court of Montgomery County, Alabama, in Equity, thereafter return said books and documents to the said Harold A. Barnett and Anniston Personal Loans, Inc., a corporation, and Anniston Personal Loans, Inc., doing business as Home Finance Company.

"Done this 13 day of July, 1955.
"s/   Walter B. Jones
Circuit Judge in Equity Sitting."

On July 18, 1955, petitioners filed a motion to quash, set aside and vacate the foregoing order, assigning some thirty grounds. On August 1, 1955, this motion was denied.

On August 2, 1955, petitioners filed here an original petition for the writ of mandamus or other appropriate remedial writ to be directed to the Honorable Walter B. Jones, as Presiding Judge of the Circuit Court of Montgomery County, requiring him to set aside and vacate said order entered by him on July 13, 1955. On August 3, 1955, we issued a rule nisi to Judge Jones. On November 1, 1955, he answered the rule nisi, to which answer the petitioners filed a replication. It was on these pleadings

that the cause was submitted on May 8, 1956, after oral argument.

■■■ It is made clear by respondent's answer and brief that total reliance is placed on § 489, Tit. 7, Code 1940, and the inherent power of a court of equity as authority for issuance of the contested order. It is our view that the order cannot be sustained on either theory.

Section 489, supra, provides as follows:

"When any deed, writing, or other document which it may be necessary to use as testimony in any cause may be in the possession of any person resident in this state who is not a party to the cause, the *clerk or register* of the court, or justice of the peace, in which the cause is pending, shall, upon application of the party or his attorney desirous of using such testimony, issue a subpoena duces tecum, directed to the person having such book or other document in his possession, requiring him to appear and bring with him into court the paper desired to be used as testimony. *Service shall be by a sheriff, constable, or some private person,* and the official return of the sheriff or constable, or the affidavit of such private person shall be sufficient evidence that the same was duly served. *But in all cases the judge may require the summary production of any book or document by subpoena duces tecum, where the witness is able to produce it, and where the ends of justice require such summary production."* [Emphasis supplied.]

Although the order in this case provides for the instanter "surrender" of the books and documents to the register for the sole purpose of permitting the attorney-general to make copies of them, without any limit as to time, we are treating the order as though it were one for production of papers for inspection of a party in advance of trial. In so doing we get to the heart of the controversy.

There appears to be no dispute that the provisions of § 489, other than the last clause, contemplate the issuance of subpoenas duces tecum only to persons not parties to a cause. The questions presented, then, narrow to these:

I. Does the last clause of § 489 authorize a judge to issue, without notice, an order requiring one who is not a party, as well as a party, to produce books and documents for inspection by a party prior to trial?

II. Does a court of equity have the "inherent power" to order, without notice, a party or a person who is not a party to produce books and documents in advance of trial for inspection by a party?

Our view is that both questions must be answered in the negative.

■ This court has held that § 489 looks to the production of books and documents for use as evidence on the trial of a cause. Ex parte Hart, 240 Ala. 642, 646, 200 So. 783; Ex parte Rowell, 248 Ala. 80, 83, 26 So.2d 554. And this, in our opinion, excludes the notion that it also embraces discovery as one of its purposes.

In Ex parte Hart [240 Ala. 642, 200 So. 786] it is said that § 489 (§ 7776 of the Code of 1923) and the next following section, § 490, Tit. 7 (§ 7777, Code of 1923), "are largely, if not wholly, procedural, designed in a proper case, to have the documents in court when the cause comes up for trial." From Ex parte Rowell [248 Ala. 80, 26 So.2d 557] is the following: "In Ex parte Darring, 242 Ala. 621, 7 So.2d 564, this Court observed that section 426, supra [of Title 7, Code 1940, providing for an order by the court or a judge thereof compelling either *party* to produce, at or before trial, any book, paper, or document in his possession or power, upon application of either party, upon reasonable notice to the adverse party or his attorney] [We here note that respondent in answering the rule nisi expressly states that § 426 is

"not considered authority for the order for the summary production of documents."], is supplementary to existing statutes, especially to section 487 [of Title 7, Code 1940, providing as follows: "In the trial of actions at law the court may, on motion and due notice thereof, require the parties to produce books, documents, or writings in their possession, custody, control, or power which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in equity cases."], which looks to production of documents at the trial. This is also true as to a subpoena duces tecum under section 489, Title 7, Code, addressed to persons not a party to the suit."

In Ex parte Hart it is said that the last clause of § 489 is "in recognition of the inherent power of the court as at common law." Respondent says that this means the trial court has the inherent power to require, without notice, the production of documents for inspection or copying by the adverse party prior to trial. We see no reasonable basis for construing the authority there given to a *judge* (that is, to "require the summary production of any book or document by subpoena duces tecum, where the witness is able to produce it, and where the ends of justice require such summary production") as authorizing him to order production of documents by a party or by a person who is not a party for inspection by a party in advance of trial. Clearly, it seems to us, the last clause, just as the other provisions of § 489, looks to production of documents at the trial and not to discovery. Ex parte Hart, supra; Ex parte Rowell, supra. We see nothing in § 489 indicating an intention to provide an additional means of discovery. That section has a definite place—it meets a specific need—in the overall scheme for taking testimony. Its purpose is to provide for the production at the trial of docu-

ments in possession of a witness for use as evidence in the trial. It does not contemplate the production of documents in advance of trial.

It seems to us that the quoted statement from Ex parte Hart concerning the "inherent power of the court as at common law" has reference to the authority of a trial court to require the summary production by a witness actually in court of any book or document which the witness is able to produce, and where the ends of justice require such summary production, without having a subpoena duces tecum issued by the clerk or register and served as otherwise provided in § 489. In this connection, see Winslow v. State, 92 Ala. 78, 81–82, 9 So. 728; Littleton v. Clayton, 77 Ala. 571, 574–575; 32 C.J.S. Evidence § 761, p. 677; Jones' Commentaries on Evidence, 2d Ed., Vol. 5, § 2307, p. 4507; Wigmore on Evidence, 3d Ed., Vol. 8, § 2200, p. 116; Robertson v. Commonwealth of Virginia, 181 Va. 520, 25 S.E.2d 352, 146 A.L.R. 967; People v. Miller, 257 N.Y. 54, 177 N.E. 306; Kincaide v. Cavanaugh, 198 Mass. 34, 84 N.E. 307; Hunton v. Hertz & Hosbach Co., 118 Mich. 475, 76 N.W. 1041.

Consideration of the history of § 489 does not detract from the holding that the last clause in the section, just as the other provisions, looks to the production of documents at the trial.

Section 489 first appeared as § 4060 of the Alabama Code of 1907. It has been included in subsequent Codes (1923 and 1940) without change. It was placed in the proposed 1907 Code by the Code Commissioner. In the "Report of James J. Mayfield, Code Commissioner of Alabama, 1907", p. 104, as printed pursuant to Act No. 37, approved Feb. 15, 1907, Gen. Acts 1907, p. 110, it is stated that much of the new matter in the proposed Code, as prepared by the Commissioner, was taken from the Georgia Code. The Georgia law as it then existed is substantially the same as it is at present. Code of Georgia Ann., Tit. 28, Book 13A, § 38–901 provides as follows:

"38–901. (5844) Production of papers to be used as evidence; service of subpoena.—When any deed, writing, or other document which it may be necessary to use as evidence in any cause may be in the possession of any person resident in this State who is not a party to the cause, the clerk of the court, or justice of the peace, in which the cause is pending, shall, upon application of the party or his attorney desirous of using such testimony, issue a subpoena duces tecum, directed to the person having such book or other document in his possession, requiring him to appear and bring with him into court the paper desired to be used as testimony. Said subpoena shall be served upon such person, if a resident of the county where such case is pending, 10 days, and if not a resident of such county, 20 days, when returnable to the superior courts; when returnable to a justice court, five days before the date on which it is made returnable. Service shall be by a sheriff, constable, or some private person; and the official return of the sheriff or constable, or the affidavit of such private person, shall be sufficient evidence that the same was duly served. In all cases the judge may require the summary production of any book or document by subpoena duces tecum, where the witness is able to produce it and where the ends of justice require such summary production. (Act 1829, Cobb, 278. Acts 1877, p. 21; 1880–1, p. 78; 1892, p. 60.)"

A comparison of the two laws discloses that the only material difference in them is that the Alabama law omits the provision requiring service of a subpoena a certain number of days before it is made returnable. With the inclusion of such provision in the Georgia law it is obvious that one of the reasons for there inserting the last clause was to authorize "the judge" to require the "summary production" of books and documents "where the witness is able to produce [them] and where the ends of justice require such summary production." In other words, on such showing the "judge", in contrast to the "clerk", may require production immediately, without giving to the witness a number of days to respond. We do not think this omission in the Alabama law changes the meaning of the last clause. We see nothing in that clause indicating a legislative intent to authorize the "judge" to require a "summary" production for a purpose different from that otherwise provided in § 489—the production of books and records at the trial. It seems to us that the obvious purpose of the last clause is to make it clear that the right of a judge trying a case to require a witness in court, on a proper showing, to produce documents, was not being proscribed by the provision for issuance of subpoenas by the "clerk or register".

The contested order very clearly does not look to production at trial of the cause, for it does not order the documents to be there presented for use as evidence. By its very terms it is directed solely to discovery. The objective of the order is accomplished when the attorney-general has made copies.

In Ex parte Monroe County Bank, 254 Ala. 515, 518, 49 So.2d 161, 163, 23 A.L.R. 2d 856, it is stated as follows:

"A court of equity may on motion and due notice require *parties* to the cause to produce books, documents or writings in their possession or custody which are pertinent to the issue. This exists not by virtue of any statute but it is a well recognized equitable procedure for discovery. 27 C.J.S., Discovery § 77, p. 114, notes 88 and 89. It is observed that this procedure only has application where a *party* to the cause is sought to be required to·produce the documents.

"Section 487, Title 7, Code, gives to courts of law the same power, to be

exercised in the same way, as courts of equity. We are here dealing with a court of equity and, therefore, section 487 has no application.

\*　\*　\*　\*　\*　\*

"Of course there are various methods for discovery. We refer to the *right to examine the adverse party to a cause by interrogatories propounded to him under Rule 39 of Equity Practice, Code 1940, Tit. 7 Appendix.* Our Court is very liberal in extending the power conferred by that rule as well as under section 477, Title 7, Code. Ex parte Rowell, 248 Ala. 80, 26 So.2d 554.

"The proper procedure by which the production of the papers may be required of a person who is not a party to the cause is by a subpoena duces tecum. Section 489, Title 7, Code. \* \* \*"

■ There is no question that, as to *parties,* a court of equity has the inherent power to compel the discovery and production of papers. This long was accomplished by a bill for discovery, filed for the discovery of facts within the knowledge of an adverse party or papers in his custody or power. 17 Am.Jur., Discovery and Inspection, § 36, p. 25; Storey, Eq.Jur., 13th Ed., §§ 1480–1504; Pomeroy, Eq.Jur., 5th Ed., §§ 190–209; Wigmore on Evidence, 3rd Ed., §§ 2218–2219; Conrad, Modern Trial Evidence, Vol. 2, § 902, pp. 117–118. Discovery procedures are now generally provided by statutes or rules of court (see Equity Rules 39 through 56, Code 1940, Tit. 7, Appendix), which have been held, however, to be cumulative and not to take away, or in any manner affect, the established jurisdiction of courts of equity in matters of discovery. Johnston v. Johnston, 256 Ala. 485, 490, 55 So.2d 838; Carmichael v. Pond, 190 Ala. 494, 498, 67 So. 384; Rosenau v. Powell, 173 Ala. 123, 125, 55 So. 789; Shackelford v. Bankhead, 72 Ala. 476(5), 479; Handley v. Heflin, 84 Ala. 600, 602–603, 4 So. 725. But we are

unable to see how it can be said that the instant proceeding comes within the framework of a bill for discovery.

■■ Even if the proceeding should be considered as one for discovery under the inherent power of a court of equity, it would not be appropriate against Barnett, who is not a party to the cause in aid of which discovery is sought. In the absence of a statute or rule so authorizing, discovery does not lie against one who is not a party. 17 Am.Jur., Discovery and Inspection, §§ 36, 37, pp. 25, 26; 27 C.J.S. Discovery § 28, p. 42; Jones on Evidence, 4th Ed., Vol. 2, Chap. XIX, § 709, p. 1267; Wigmore on Evidence, 3rd Ed., §§ 1858(6), 1856D. On this point we quote the following from 17 Am.Jur., supra:

"§ 36. Parties.— \* \* \* Clearly, however, a bill of discovery does not lie against one not interested and who may be made a witness. Similarly, where a bill in equity is instituted for relief and for a discovery in aid of such relief, a person who has no interest in the subject matter of the suit and against whom no relief is sought cannot properly be made a party defendant for the purpose of discovery. Nor can a court, in the absence of statutory authority, compel one who is not a party litigant to deliver a document or papers belonging to him to the court or to a referee or master. He should either be made a party to the suit or be called upon to produce such books and papers as evidence by a subpoena duces tecum, in the usual way. A mere witness cannot be made a party in order to get discovery from him. \* \* \*"

"§ 37.—Witnesses. \* \* \* In the absence of statute a mere witness over whom the court has no jurisdiction except in his character as witness cannot be compelled to deliver to the court or to a master or referee books or papers in his possession."

The rule is thus stated in Elder v. Carter, 25 Q.B.Div. 194, 198:

"* * * Putting aside the facts of this particular case, the general proposition contended for is, that if any litigant thinks that documents held by anybody else who is not a party will be useful to him, and if the litigant wants to see them, he can get inspection of those documents from such person. That is entirely contrary to every rule relating to discovery which has ever existed, either on the common law side or the equity side of the Court. It has long been a rule well established (the origin of it I do not recollect) that you cannot get discovery except from a party to your action. There is another rule, equally old and equally well-established—that you cannot make a mere witness a party in order to get discovery from him. That would be abusing the doctrine of production and discovery. * * *"

In view of what has already been said, there is no need to discuss whether the order is objectionable in that it requires a "surrender" instead of a production of documents; that it would require respondents to cease operation of their business; that the "surrender" is not carried out under the direction of the court; that there is no time limit set on the attorney-general's action; that respondents are given no access to their books during the time they are held by the register; that there is an unconstitutional search and seizure; or that the order is too broadly framed as to the documents and records called for.

Since it appears, for the reasons stated, that respondent was without authority, statutory or inherent, to issue the contested order, a peremptory writ of mandamus as prayed for is due to be awarded. So ordered.

Peremptory writ of mandamus awarded.

LIVINGSTON, C. J., and SIMPSON, MERRILL and COLEMAN, JJ., concur.