131 So.2d 871

**Patsy Webb RAY**

v.

**Joseph M. HOCKLANDER, Judge.**

1 Div. 948.

Supreme Court of Alabama.

June 29, 1961.

Lyons, Pipes & Cook, Mobile, for petitioner.

Cunningham & Bounds, Mobile, for respondent.

**456**

.: MERRILL, Justice.

The petitioner in this cause filed an original petition for writ of mandamus in this court directing one of the circuit judges of Mobile County to set aside and vacate an order denying petitioner's motion to strike interrogatories.

Etola Mauldin, as administratrix of the estate of Percy Mauldin, deceased, filed a suit against petitioner for damages for wrongful death arising out of an automobile collision in which, allegedly, decedent was killed while riding as a guest in an automobile driven by petitioner.

The plaintiff propounded interrogatories to petitioner, consisting of 4½ pages and numbered one through twenty. But counting the "(a)," "(b)," "(c)," etc., under each question, the total number of questions is 139. The interrogatories are completely printed except where space has been left to fill in the name of the plaintiff and defendant, the number of the case, and the affidavit of plaintiff's attorney.

The motion to strike the interrogatories was set, argued, submitted and later overruled. Petitioner sought a writ of mandamus here, the respondent waived issuance of the alternative writ or rule nisi, and accepted service. Answer was filed in due course.

█ We forego any consideration of the question as to the appropriateness of the remedy. While there is some discussion of this subject in briefs, both parties appear to be desirous of a decision on the merits, and we accede. Ex parte Hall, 255 Ala. 98, 50 So.2d 264; Ex parte State, 250 Ala. 579, 35 So.2d 507; Ex parte Whitt, 238 Ala. 33, 189 So. 71.

The legal question presented is—do our interrogatory statutes, Tit. 7, §§ 477–486, Code 1940, give a party on the law side of the court the right to propound stock, form or "canned" interrogatories to the adverse party in this cause?

█ Our answer must be in the affirmative. Firstly, the motion to strike referred to all the interrogatories. Some of them are obviously pertinent, relevant and legal. Plaintiff was entitled to have these answered. Ex parte Rowell, 248 Ala. 80, 26 So.2d 554.

Secondly, the answer of respondent, states in part—"the Petitioner herein will be compelled to answer only such interrogatories as are material to this cause."

Petitioner is also protected by Tit. 7, § 482, which reads:

"If the interrogatories are not pertinent to the issue or matter.in dispute between the parties, there shall be no obligation to answer them, and, if answered, the answers may be suppressed by the court at the trial."

Thirdly, we are not disposed to require the trial court to strike all the interrogatories merely because they are stock, form or "canned", and the questions could apply to more than one automobile accident or collision.

Writ denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.