■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACQUELINE TAYLOR, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, entered February 2, 1962 after a jury trial, convicting her of grand larceny in the second degree, and imposing a suspended sentence. Judgment reversed on the law and the facts, and new trial granted. During the cross-examination of the defendant at the trial, the Assistant District Attorney used the defendant's testimony before the Grand Jury. Her attorney requested that a copy of the minutes of her testimony be furnished to him. This request was refused by the trial court, and, instead, the attorney was permitted only to look at the copy of the testimony in the possession of the Assistant District Attorney during the period of the cross-examination. This was error (*People v. Rosario*, 9 N Y 2d 286; *People v. Miller*, 257 N. Y. 54, 57). Once a defendant is cross-examined by reference to testimony given by him before a Grand Jury, he is entitled to the full use and examination of the testimony for any legitimate purpose at the trial; and to implement such right, he must be accorded the right to have a copy of the testimony. In the light of the issue of asportation before the trial jury and because of the closeness of the question whether the defendant had committed larceny in a self-service department store, the denial of the Grand Jury minutes to the defendant affected a substantial right and may well have prejudiced her in the mind of the jury and in its determination. We think, therefore, that in the interests of justice a new trial should be granted. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.