■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES CLEARY, Appellant.— SWEENEY, J. Appeal from a judgment of the County Court of Chemung County, rendered June 9, 1969, convicting defendant of the crime of criminally selling a dangerous drug in the third degree. The indictment charged appellant with two counts of criminally selling a dangerous drug. On November 13, 1968 he pleaded not guilty to the indictment. An application for an order directing the District Attorney to furnish all records, written memoranda, notes, etc. relating to services of all informants was denied, except that the name of the informant was disclosed. On March 17, 1969 appellant pleaded guilty to the first count in the indictment charging criminal sale of a dangerous drug in the third degree. Appellant's application for the production of all presentence investigation reports was denied, as was his request for a 10-day stay of execution. The Trial Judge imposed a sentence of an indeterminate term of imprisonment of not more than three years. Appellant contends it is necessary for him to inspect the prosecution's records as they relate to the services of any informant in order to interpose the defense of entrapment. He maintains that the law places him in a most untenable position. He argues that when he pleads the defense of entrapment he, in fact, concedes his participation in the act. He urges he should not be placed in this position until he is in possession of all the facts which are exclusively within the knowledge of the prosecution. Appellant has no absolute right to a pretrial inspection. It is within the discretion of the trial court to grant or deny. (*People* v. *Miller,* 257 N. Y. 54, 59.) The appellant knows the name of the informant and the identity of the individual to whom he allegedly sold the drug. To be entitled to any additional information from the file of the

prosecution there must be some demonstration that it exists and is material and necessary for his defense. (*People* v. *Marshall*, 5 A D 2d 352.) There is nothing in this record to demonstrate that the file contains any such evidence. It is mere speculation on appellant's part. From the nature of the defense, it is logical to assume that the appellant has some knowledge of the alleged acts. This, coupled with the fact that appellant has been furnished with the name of the informer, is sufficient to plead the defense of entrapment. Furthermore, the very nature of the crime makes it difficult to obtain the necessary evidence for arrest and conviction. The co-operation of those already involved is often required. To permit appellant access to the prosecution's file would impair future co-operation with the authorities by informants and thus frustrate their efforts. The Trial Judge, aware of all the circumstances, properly denied appellant access to these records. Appellant further contends the court erred in denying him the right to examine the presentence reports. Again, the appellant has no absolute right to examine these records. This is within the discretion of the court. (*People* v. *Michael O.* [*Anonymous*], 22 N Y 2d 831.) There is nothing in this record to indicate that the court abused its discretion in denying appellant's request. Also presented on this appeal is whether the trial court erred in denying appellant's request for an adjournment for an additional ten days before imposing sentence. Appellant pleaded guilty on March 17, 1969. After several adjournments he was sentenced on June 9, 1969. This again was discretionary with the trial court and there is nothing in the record which would indicate he acted improperly in denying the request. Finally, the appellant contends his sentence was excessive. The appellant was indicted for two counts of selling a dangerous drug in the third degree. He was permitted to plead to one in full satisfaction of the indictment. He could have received an indeterminate sentence not to exceed seven years. Under the circumstances, this sentence was not excessive. Judgment affirmed. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.